DECISION AND JUDGMENT ENTRY
{¶ 1} Steve Martin appeals the Scioto County Common Pleas Court's dismissal of his petition for post-conviction relief. The trial court, without an evidentiary hearing, found that it lacked jurisdiction to consider Martin's untimely petition. On appeal, Martin contends that because he only discovered certain evidence recently, he is excepted from the 180-day period to file petition. Because Martin could have discovered all the evidence that he submitted with his petition within the 180-day period, we disagree. Martin next contends that because the United States Supreme Court created a new federal right, he showed an exception to the 180-day period. Because Martin only vaguely refers *Page 2 
to a new federal right without describing it, and because no such right is apparent from reading his brief, we disagree. In addition, Martin contends that his trial counsel was ineffective because his counsel did not raise the claim that he did not have notice of his pre-trial date and did not investigate his claim of an unlawful arrest. Because Martin did not submit evidentiary documents containing sufficient operative facts to demonstrate a lack of competent counsel, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} A Scioto County Grand Jury indicted Martin for the offense of failure to appear for a pre-trial on March 15, 2004 in his earlier felony DUI case. See State v. Martin, Scioto App. No. 04CA2946,2005-Ohio-4059. Eventually, Martin pled guilty as charged, and the court sentenced him accordingly. On May 7, 2004, the court filed its sentencing entry. Martin did not appeal.
 {¶ 3} On February 13, 2006, Martin filed a petition for post-conviction relief. He attached several documents to his petition. Apparently, Martin assumed that the trial court had to hold a hearing on February 25, 2004, when it changed his pre-trial date in his prior DUI case from March 12 to March 15. He attached a docket statement and an affidavit from the court reporter to show that no hearing occurred in his DUI case on February 25, 2004. The trial court dismissed Martin's petition as untimely without holding a hearing.
 {¶ 4} Martin appeals the trial court's judgment. Essentially, he asserts the following two claims: I. The trial court erred when it dismissed his petition as untimely. And, II. He had the ineffective assistance of counsel. *Page 3 
 II. {¶ 5} Martin contends that the trial court erred when it dismissed his petition for post-conviction relief because he failed to timely file it. He does not dispute that he failed to file his petition within the 180-day period prescribed by R.C. 2953.21(A). Instead, he asserts that (1) his recent discovery of evidence and (2) a newly created federal right allow him to file his petition outside the 180-day time period.
 {¶ 6} This Court's standard of review is abuse of discretion, when reviewing a trial court's dismissal of a petition for post-conviction relief without a hearing and the petition involves non-sentencing matters. State v. Gondor, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶¶ 46, 51, 52. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Wright v. Suzuki Motor Corp., Meigs App. Nos. 03CA2, 03CA3 and 03CA4, 2005-Ohio-3494, ¶ 112, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When an appellate court applies this standard, it "may not substitute its judgment for that of the trial court." Gordon Proctor Dir. of Trans. v. Cydrus (Nov. 4, 2004), Ross App. No. 04CA2758, 2004-Ohio-5901, ¶ 14, citing In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-138.
 {¶ 7} A petitioner is not automatically entitled to a hearing on a petition for post-conviction relief. State v. Cole (1982),2 Ohio St.3d 112, 113. A trial court is not required to hold an evidentiary hearing if the petitioner does not allege *Page 4 
operative facts to show substantive grounds for relief. State v.Calhoun (1999), 86 Ohio St.3d 279, 282-83.
 {¶ 8} R.C. 2953.21 and R.C. 2953.23 govern a petition for post-conviction relief. A defendant convicted of a criminal offense who shows that "there was such a denial or infringement of [his] rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" is entitled to relief from his sentence. R.C. 2953.21.
 {¶ 9} Under R.C. 2953.21(A)(2), a defendant who does not directly appeal must file a petition for post-conviction relief no later than 180 days after the expiration of the time for filing an appeal. If a defendant's petition is untimely under R.C. 2953.21(A)(2), then his untimely petition must comport with R.C. 2953.23(A)(1).
 {¶ 10} Pursuant to R.C. 2953.23(A)(1), a court may not entertain a delayed petition for post-conviction relief unless the petitioner satisfies a two-pronged test. First, the petitioner must show either: "that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Second, the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact *Page 5 
finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b).
 {¶ 11} Martin contends that he was not aware that the trial court changed his pre-trial hearing date in his DUI case. He claims that the trial court changed the date of his pre-trial on February 25 from March 12 to March 15. He apparently assumes that the court had to have a recorded hearing to change the date. He submitted the docket sheet and an affidavit from the court reporter to show that no hearing in his DUI case was recorded on February 25.
 {¶ 12} Pursuant to R.C. 2953.23(A)(1)(a), Martin had to first show that he was unavoidably prevented from discovering the facts upon which he bases his petition or his claim is based upon a newly-created federal or state right that is retroactive to his situation.
 {¶ 13} Even if we assume that Martin's contentions about the trial court changing his pre-trial date in the DUI case are correct, he fails to show how he could not have obtained this evidence earlier in this case, e.g., the information contained in the docket sheet and the affidavit from the court reporter. And nothing in the record suggests that this evidence was not readily available. Moreover, because Martin failed to file a direct appeal, he is barred from raising it now. See, e.g., State v. Reynolds (1997), 79 Ohio St.3d 158, 161 (pointing to the doctrine of res judicata).
 {¶ 14} In addition, Martin appears to argue that his counsel in the DUI case was ineffective for not informing him of the change of hearing dates. We find this argument is not relevant in this current case. Stated differently, Martin should *Page 6 
have raised any ineffective assistance of counsel claim in his DUI case, not in this failure to appear case.
 {¶ 15} Martin next contends that his claim is based upon a newly created federal right. However, he does not describe the right and the specific right is not apparent from reading his brief.
 {¶ 16} Therefore, we find that Marin failed to allege operative facts that showed his petition fit into one of the exceptions to the 180-day time period. Martin's situation does not comport with the first prong of the two-pronged test set forth in R.C. 2953.23(A)(1) to except him from the requirement to timely file his petition for post-conviction relief. Specifically, Martin did not show that he was unavoidably prevented from discovering the facts upon which he bases his petition, or that his claim is based upon a newly-created federal or state right, which is retroactive to his situation. Because Martin must satisfy both prongs of R.C. 2953.23(A)(1) and he failed to satisfy the first prong, i.e. R.C.2953.23(A)(1)(a), we do not need to address the second prong, i.e. R.C.2953.23(A)(1)(b).
 {¶ 17} Consequently, we find that the trial court did not abuse its discretion when it found, without an evidentiary hearing, that it lacked jurisdiction to entertain the petition and dismissed it. Martin failed to allege operative facts that showed substantive grounds for relief.
 {¶ 18} Accordingly, we overrule Martin's first claim.
 III. *Page 7 {¶ 19} Martin next claims that his trial counsel in this case was ineffective for not (1) raising his claim that he did not have proper notice of his pre-trial date and (2) investigating his claim that his arrest was somehow unlawful because he was not arraigned right away after his first arrest.
 {¶ 20} "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson (1980),64 Ohio St.2d 107, syllabus. If the petitioner fails to meet this initial burden, then the trial court does not need to have an evidentiary hearing. Calhoun, supra, at 283.
 {¶ 21} In order to prove a claim of ineffective assistance of counsel a defendant must show that his counsel's performance was deficient, i.e., not reasonably competent, and that counsel's deficiencies prejudiced his defense. Strickland v. Washington (1984), 466 U.S. 668,687; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To make this showing, a defendant must overcome the strong presumption that attorneys licensed to practice in Ohio provide competent representation. Bradley at 142. However, in the context of a guilty plea, a defendant must also demonstrate that there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v.Lockhart (1985), 474 U.S. 52, 58-59. See, also, State v. Parker (Jan. 6, 1998), Washington App. No. 96CA35. If one component of theStrickland test disposes of an ineffective *Page 8 
assistance of counsel claim, it is not necessary to address both components. Bradley at 380-381, citing Strickland at 697.
 {¶ 22} Here, Martin's first allegation of ineffective assistance, i.e., that his counsel should have raised his claim that he did not have proper notice of his changed DUI pre-trial date, is not credible. Martin had to have personal knowledge of this information at the time he entered his plea. With this knowledge, he had the option of not pleading guilty. Martin did not provide this court with a transcript of his change of plea hearing. Therefore, we assume regularity of that proceeding. See, e.g., Natl. City Bank v. Beyer (2000),89 Ohio St.3d 152, 160. Consequently, Martin entered a knowing, intelligent, and voluntary guilty plea to the offense of failure to appear at the pre-trial.
 {¶ 23} Martin next asserts that his counsel was ineffective for failing to investigate his claim that his arrest was somehow unlawful because he was not arraigned right away after his first arrest. However, Martin's arrest from the bench warrant issued shortly after the March 15 pre-trial involves the DUI case, not this failure to appear case. Here, the record shows that the state filed the indictment on April 20, 2004. The court issued a warrant to arrest on April 21. Martin appeared for his arraignment on April 22. Hence, Martin's argument fails on the merits regardless of how much or little investigation his counsel did.
 {¶ 24} In addition, Martin could have raised this particular ineffective assistance of counsel claim on a direct appeal because the issues do not involve facts outside the record. Therefore, the doctrine of res judicata bars Martin from *Page 9 
raising these issues now. See, generally, State v. Gibson (1980), 69 Ohio App.2d 91, 98-99 (Krenzler, C.J., concurring).
 {¶ 25} Thus, Martin failed to provide sufficient operative facts to the trial court to demonstrate the lack of competent counsel as required by the first component of the Strickland test. In addition, he failed to show that there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial. Consequently, the trial court did not abuse its discretion when it did not hold an evidentiary hearing on this claim.
 {¶ 26} Accordingly, we overrule Martin's claim of ineffective assistance of counsel.
 IV. {¶ 27} In conclusion, we find that the trial court did not abuse its discretion when it did not hold an evidentiary hearing on the petition and dismissed it as untimely because Martin failed to allege sufficient operative facts to show (1) substantive grounds for relief and (2) the lack of competent counsel. We overrule both of his claims and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the costs herein be taxed to the Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution. *Page 10 
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. and Abele, J.: Concur in Judgment and Opinion. *Page 1