DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals the Adam's County Court of Common Pleas' denial of his petition for post-conviction relief. The trial court, without an evidentiary hearing, found that Appellant's petition was untimely and therefore denied the petition. Appellant, however, contends that he met an exception to the 180-day period in which to file the petition because he recently discovered evidence, which he contends, demonstrates prosecutorial misconduct in the form of failing to provide him with exculpatory evidence *Page 2 
prior to his trial. Because the trial court did not address Appellant's argument that he was excepted from the 180-day filing period after determining that Appellant's petition was untimely, or conduct the necessary due process analysis, we reverse and remand this matter to the trial court for further proceedings.
 FACTS {¶ 2} Following a trial in 2003, a jury found Appellant guilty of two counts of rape and one count of gross sexual imposition of a minor female living in his household, that while not his biological daughter, he had temporary custody of and was raising along with his own biological daughter, as well as another child. The trial court sentenced Appellant to concurrent terms of imprisonment totaling nine years. Appellant appealed his conviction and sentence on April 7, 2003. This Court affirmed Appellant's conviction and sentence in a decision issued on March 31, 2004. State v. Shadoan, Adams App. No. 03CA764,2004-Ohio-1756.
 {¶ 3} During the pendency of his direct appeal, Appellant filed a pro se petition to vacate or set aside sentence. In that petition, Appellant claimed that he received ineffective assistance of trial counsel in that his trial counsel was provided with medical records regarding the alleged rape charges but failed to introduce them into evidence at trial. Appellant claimed that such *Page 3 
failure constituted ineffective assistance of counsel, arguing that the records contained exculpatory evidence. On February 27, 2004, the trial court denied the petition based upon lack of jurisdiction due to the pending appeal. Appellant did not appeal that decision.
 {¶ 4} Subsequently, on August 1, 2008, Appellant filed a second prose petition for post-conviction relief, requesting a hearing on his claim that he was denied a fair trial and due process of law, arguing that the prosecution knowingly and unlawfully withheld and concealed impeachment evidence, in violation of Brady v. Maryland (1963), 373 U.S. 83,83 S.Ct. 1194. Specifically, Appellant argued that the prosecution withheld investigative notes from a Children's Services worker, investigative notes from a Sheriffs deputy, and medical records of the victim generated as a result of the alleged rapes. Appellant claimed that these documents were exculpatory in that they contained information which revealed discrepancies in the victim's allegations related to the number of incidents, as well as where and how the incidents occurred. Appellant also claimed that the medical records he recently discovered contained exculpatory information in that they failed to substantiate any sort of sexual abuse.
 {¶ 5} The trial court denied Appellant's second post-conviction relief petition without holding a hearing, finding that the petition was untimely. *Page 4 
The trial court, however, made no finding as to whether Appellant's petition met or failed to meet the criteria set forth in R.C. 2953.23, which allows a court to entertain an untimely or second post-conviction relief petition.
 {¶ 6} It is from the denial of his second petition for post-conviction relief that Appellant now brings his timely appeal, assigning the following error for our review:
 ASSIGNMENT OF ERROR
"I. PETITIONER WAS DENIED A FAIR TRIAL AND DUE PROCESS OF LAW BY ACTS OF THE PROSECUTION IN KNOWINGLY AND UNLAWFULLY WITHHOLDING AND CONCEALING IMPEACHMENT EVIDENCE."
 LEGAL ANALYSIS {¶ 7} In his sole assignment of error, Appellant contends that the trial court erred in denying his petition for post-conviction relief. Specifically, he argues that he was denied a fair trial and due process of law as a result of actions by the prosecution, which he claims, involved the failure to disclose exculpatory evidence. In his second petition for post-conviction relief, as well as his current appeal, Appellant does not dispute that the filing of his petition exceeded the 180-day filing period provided in RC. 2953.21(A). Instead, Appellant argues that an exception contained in R.C. 2953.23(A)(1)(a) applies in light of newly discovered evidence, which he *Page 5 
claims includes exculpatory material that the prosecution knowingly withheld from him at the time of his trial.
 {¶ 8} This Court has previously reasoned, in State v. Martin, Scioto App. No. 06CA3110, 2007-Ohio-4258, that our "standard of review is abuse of discretion, when reviewing a trial court's dismissal of a petition for post-conviction relief without a hearing and the petition involves non-sentencing matters." Citing, State v. Gondor, 112 Ohio St.3d 377,2006-Ohio-6679, ¶¶ 46, 51, 52. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Wright v. SuzukiMotor Corp., Meigs App. Nos. 03CA2, 03CA3 and 03CA4, 2005-Ohio-3494, ¶ 112, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When an appellate court applies this standard, it "may not substitute [its] judgment for that of the trial court." Gordon Proctor Dir. of Trans. v.Cydrus (Nov. 4, 2004), Ross App. No. 04CA2758, 2004-Ohio-5901, ¶ 14, citing In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138.
 {¶ 9} A petitioner is not automatically entitled to a hearing on a petition for post-conviction relief. State v. Cole (1982),2 Ohio St.3d 112, 113. A trial court is not required to hold an evidentiary hearing if the *Page 6 
petitioner does not allege operative facts to show substantive grounds for relief. State v. Calhoun (1999), 86 Ohio St.3d 279, 282-83.
 {¶ 10} R.C. 2953.21 and R.C. 2953.23 govern petitions for post-conviction relief. A defendant convicted of a criminal offense who shows that "there was such a denial or infringement of [his] rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" is entitled to relief from his sentence. R.C. 2953.21. Under R.C. 2953.21(A)(2), a defendant who directly appeals his judgment of conviction must file a petition for post-conviction relief no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. If a defendant's petition is untimely under R.C. 2953.21(A)(2), then his untimely petition must comport with RC. 2953.23(A)(1).
 {¶ 11} Pursuant to R.C. 2953.23(A)(1), a court may not entertain a delayed or successive petition for post-conviction relief unless the petitioner satisfies a two-pronged test. First, the petitioner must show either: "that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state *Page 7 
right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Second, the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b).
 {¶ 12} Here, Appellant contends that he was unavoidably prevented from discovering evidence that he claims to be exculpatory in nature, as a result of the prosecution's knowing suppression and/or withholding of the evidence from him at the time of his trial. Specifically, Appellant claims that certain Children's Services interview notes, Sheriffs office investigative notes and medical records[2] were not properly provided to him, as requested during the discovery process prior to trial. He claims that only after his sister hired a private investigator in 2006, did these documents surface. Thus, not only does Appellant claim that he meets an exception to the 180-day filing period as a result of newly discovered evidence, he goes one step further to claim that such evidence was actually withheld from him *Page 8 
by the prosecution, thus denying him due process and a fair trial, in violation of Brady v. Maryland, supra.
 {¶ 13} As set forth in State v. Reedy (Sept. 27, 1999), Jackson App. No. 98CA835, 1999 WL 787927:[3]
"Generally, when a defendant seeks a new trial based upon newly discovered evidence, the defendant must demonstrate that the newly discovered evidence probably would have resulted in acquittal. State v.Johnston (1988), 39 Ohio St.3d 48, 60, 529 N.E.2d 898. In reviewing the trial court's determination regarding newly discovered evidence, we employ the abuse of discretion standard of review. Johnston at 59,529 N.E.2d 898. However, when a defendant alleges that the state denied his due process rights by failing to disclose exculpatory evidence, the usual standard for a new trial does not apply. Johnston at 60,529 N.E.2d 898.
When a defendant asserts that the state withheld exculpatory evidence, `the fact that such evidence was available to the prosecution and not submitted to the defense places it in a different category than if it had simply been discovered from a neutral source after trial' Id. at 60,529 N.E.2d 898 quoting United States v. Kelly (C.A.D.C. 1986),790 F.2d 130, 135, citing United States v. Agurs (1976), 427 U.S. 97, 111,96 S.Ct. 2392, 49 L.Ed.2d 342. By failing to disclose material exculpatory evidence, the state violates the defendant's Fourteenth Amendment right to due process. Johnston at paragraph four of the syllabus, citingBrady v. Maryland (1963), 373 U.S. 83, 87, 83 S.Ct. 1194,10 L.Ed.2d 215; see, also, State v. Walden (1984), 19 Ohio App.3d 141, 155,483 N.E.2d 859 (evidence withheld by state requires due process analysis upon a petition for postconviction relief).
The state's suppression of exculpatory evidence violates the defendant's due process irrespective of the good faith or bad faith of the prosecutor. Johnston at paragraph four of the syllabus. However, unless the defendant can demonstrate that the evidence the state suppressed was material, the defendant is not entitled to a new trial. Id. Evidence is deemed *Page 9 
material `only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' Johnston at paragraph five of the syllabus, following United States v. Bagley (1985), 473 U.S. 667, 682,105 S.Ct. 3375, 87 L.Ed.2d 481. `A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.' Id., citingBagley, supra, and Pennsylvania v. Ritchie (1987), 480 U.S. 39, 57,107 S.Ct. 989, 94 L.Ed.2d 40."
 {¶ 14} Much like the case in Reedy, supra, in this case Appellant alleges that the state withheld exculpatory evidence. Specifically, Appellant alleges that the prosecution possessed information from the Sheriffs office that contained discrepancies from other investigative notes from Children's Services, and also from the victim's trial testimony. As noted in Reedy, supra, "[f]or purposes of determining whether the state improperly withheld evidence, `the police are part of the state and its prosecutorial machinery,'" and therefore the information obtained from the Sheriffs office did not come from a neutral source. See State v. Wiles (1991), 59 Ohio St.3d 71, 78,571 N.E.2d 97. Accordingly, the appropriate test for determining whether Appellant is entitled to post-conviction relief is a due process analysis. Reedy, supra.
 {¶ 15} In its decision and order, the trial court simply found that Appellant's petition for post-conviction relief was untimely and denied it, providing no further analysis. Thus, we find that the trial court erred when it *Page 10 
declined to evaluate whether the state violated Appellant's due process rights. Reedy, supra.
 {¶ 16} Accordingly, we find Appellant's sole assignment of error to be meritorious and therefore we reverse and remand this matter to the trial court for further analysis and findings. On remand the trial courts should consider whether Appellant was denied due process, whether the newly discovered evidence set forth by Appellant is, in fact, exculpatory and whether Appellant is entitled to an evidentiary hearing.
JUDGMENT REVERSED AND THE CAUSE REMANDED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Abele, J.: Concur in Judgment and Opinion
[2] Although Appellant claims on appeal that the prosecution failed to provide him with the victim's medical records generated as part of the rape allegations at issue in the underlying case, the record reveals that Appellant's first petition for post-conviction relief conceded that the records were provided to his trial counsel, but that she did not introduce them into evidence at trial. With respect to the other records complained of by Appellant, the State claims that they were never in possession of the Children's' Services notes and that the Sheriff's notes were protected work product not subject to release or discovery.
[3] Although in Reedy this Court described the appellant's request as one for a new trial, that case actually involved the denial of a petition for post-conviction relief, which was based upon the alleged denial of due process rights and right to a fair trial, as a result of the State's suppression of favorable evidence to the accused. *Page 1