DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment of conviction and sentence. A jury found Troy A. Doyle, defendant below and appellant herein, guilty of (1) receiving stolen property in violation of R.C. 2913.51, and (2) failure to comply with an order or signal of a police officer in violation of R.C. 2929.331.
 {¶ 2} Appellant assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT'S FAILURE TO INFORM THE APPELLANT ON THE RECORD OF THE POSSIBILITY OF POST-RELEASE CONTROL AND THE POTENTIAL FOR ADDITIONAL PRISON TIME CONSTITUTES A VIOLATION OF OHIO REVISED CODE SECTION 2929.19(B)."
SECOND ASSIGNMENT OF ERROR:
"THE SENTENCE IMPOSED BY THE TRIAL COURT VIOLATES THESIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, PURSUANT TO THE OHIO SUPREME COURT'S HOLDINGS IN STATE V. FOSTER, et al. (2006), 109 OHIO ST.3D 1, 2006 OHIO 856, 845 N.E.2D 470."
THIRD ASSIGNMENT OF ERROR:
"THE TRIAL JUDGE ERRED BY FAILING TO GRANT A NEW TRIAL AFTER THE APPELLANT WAS FINALLY GIVEN BRADY MATERIAL THAT THE STATE SHOULD HAVE GIVEN HIM PRIOR TO TRIAL."
 {¶ 3} In 2003, the jury found appellant guilty of both charges.
 {¶ 4} The trial court sentenced appellant to serve eighteen months in prison on each count with the sentences to be served consecutively. We affirmed that conviction in State v. Doyle,
Pickaway App. No. 04CA23, 2005-Ohio-4072 (Doyle I). In 2005, appellant filed a pro se application to reopen his appeal and cited various alleged instances of his appellate counsel's ineffective assistance. After we reviewed his application and the record, we denied his application. See State v. Doyle (Jan. 13, 2006), Pickaway App. No. 04CA23(entry on application to reopen appeal) (Doyle II).
 {¶ 5} Ten days before our decision in Doyle II, appellant filed a fourteen page pro se motion "for counsel" and "delayed reconsideration." Although the "motion" was untimely under both App.R. 26(A) or (B), and despite the fact that Ohio law does not allow for successive or repetitive applications to reopen appeal, we agreed to reopen the case for the limited purpose of determining whether the trial court failed to comply with R.C.2929.19(B)(3) when it did not inform him at sentencing that he would be subject to post-release control. State v. Doyle (Mar. 20, 2006), Pickaway App. No. 04CA23 (entry on application for delayed reconsideration and appointment of counsel) (DoyleIII). The matter is now before us for review of that issue.
 I {¶ 6} Appellant asserts in his first assignment of error that the trial court failed to inform him during the sentencing hearing that he could be subject to post-release control after he served his sentences and that, if he violates that control, he could be sentenced to serve additional prison time. See R.C.2929.19(B)(3). Appellee forthrightly concedes this issue and, after our review, we agree with appellant's argument.
 {¶ 7} R.C. 2929.19(B) provided, inter alia:
"(3) * * * [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 * * *
(d) Notify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(3)(c) of this section. * * *
(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender. * * *"
 {¶ 8} The June 21, 2004 judgment entry specifies that appellant was informed (1) that he could be subject to up to three years post-release control; and (2) of the consequences for violating that control. However, our review of the sentencing hearing transcript, yields no indication that the court informed appellant of that information.
 {¶ 9} The Ohio Supreme Court held that trial courts must notify offenders of post-release control provisions at the sentencing hearing. See State v. Jordan, 104 Ohio St.3d 21,817 N.E.2d 864, 2004-Ohio-6085, at paragraph one of the syllabus. If courts fail to do so, they are not in compliance with the statute and the sentence must be vacated and the matter remanded for re-sentencing. Id. at paragraph two of the syllabus. Because the trial court did not provide appellant the required warnings at the sentencing hearing, we sustain appellant's first assignment of error.[1]
 II {¶ 10} Appellant asserts in his second assignment of error that his two sentences are unconstitutional in light of the Ohio Supreme Court's recent decision in State v. Foster,109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856. Appellee concedes this point, but in light if our decision to sustain appellant's first assignment of error and vacate his sentences, this assignment of error has been rendered moot and will be disregarded. See App.R. 12(A)(1)(c). The trial court may, on remand, re-sentence appellant consistent with the Foster principles.
 III {¶ 11} Appellant asserts in his third assignment of error that the trial court erred by denying his request for a new trial. Appellant contends that he did not receive prior to trial an allegedly exculpatory police report. Appellee counter-argues that this issue is outside the limited scope of our Doyle III
decision to reopen the appeal. We agree.[2] Moreover, to the extent this is the same "discovery violation" briefly considered and rejected in Doyle II, the matter has long since become res judicata. Accordingly, we hereby overrule appellant's third assignment of error.
 {¶ 12} Having sustained the first assignment of error, appellant's sentence is hereby vacated and the matter is remanded for re-sentencing consistent with this opinion.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and the case be remanded for further proceedings consistent with this opinion. Appellant to recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment Opinion.
[1] We emphasize that we are not unsympathetic to the trial court's plight. The sentencing transcript reveals that appellant — who was representing himself pro se — was argumentative and prone to long soliloquies. The trial court probably intended to advise appellant of the required post-release control sanctions, but may have overlooked those warnings in light of the sometimes heated exchanges.
[2] Appellate counsel notes in the brief that this issue has been raised only because appellant expressly asked that it be raised.