OPINION *Page 2 
{¶ 1} Appellant Teresa Frazier, administrator of the estate of Robert Frazier, deceased, appeals the judgment of the Fairfield County Court of Common Pleas following a jury trial in the wrongful death of her husband. Appellees are Charles L. Pruitt, M.D., and Fairfield Emergency Physicians, Inc.
 STATEMENT OF LAW AND FACTS {¶ 2} On or about May 7, 2002, appellant drove her husband, Robert Frazier, to the Fairfield Medical Center emergency room. Mr. Frazier had been having intermittent chest pains since the day before. They arrived at the emergency room at 11:00 a.m., and Mr. Frazier was evaluated by appellee Pruitt. Mr. Frazier was told that his chest pain was not due to his heart, and was discharged at 2:15 p.m. Mr. Frazier returned home, where he suffered a cardiac arrest at 7:30 p.m.
 {¶ 3} Appellant called 911, and the local EMS squad responded. The EMS squad attempted to resuscitate Mr. Frazier at home, and then transported him to Hocking Valley Community Hospital in Logan, Ohio, where he was pronounced dead at 8:38 p.m.
 {¶ 4} On March 18, 2004, appellant filed a complaint for wrongful death, naming as defendants Dr. Pruitt, Fairfield Emergency Medical Physicians, Inc. as employer of Dr. Pruitt, and Fairfield Medical Center. On March 24, 2005, Fairfield Medical Center and appellant filed a Stipulation of Voluntary Dismissal Without Prejudice. Appellant's complaint against Dr. Pruitt and the Fairfield Emergency Medical Physicians, Inc. remained pending. Various pretrial motions and briefs were filed, including appellant's motion to exclude the opinions of Dr. Cummin, in his capacity as *Page 3 
the Hocking County Coroner, regarding the issues of standard of care and "coumadin resistance", and appellant's objection to the appellees' proposed jury instruction regarding the coroner's opinion. Both the motion to exclude and objection to the proposed jury instruction were overruled by the trial court. Trial commenced on September 13, 2005, and concluded on September 21, 2005. In addition to her pretrial objection to the proposed jury instruction, appellant objected on the record during trial to the jury instruction regarding the coroner's opinion. The objection was once again overruled by the trial court. The jury returned a defense verdict on September 22, 2005. The appellant filed a timely appeal in which she set forth the following assignments of error:
 {¶ 5} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GIVING A JURY INSTRUCTION BASED ON VARGO V. TRAVELERS INS. CO. IN A MEDICAL NEGLIGENCE CASE, AND IN ALLOWING DR. CUMMIN TO TESTIFY — AS CORONER — ON STANDARD OF CARE ISSUES, BECAUSE A COUNTY CORONER HAS NO STATUTORY AUTHORITY TO DETERMINE A THIRD PERSON'S CRIMINAL OR CIVIL RESPONSIBILITY FOR A DEATH.
 {¶ 6} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN HAVING THE JURY DECIDE WHETHER PLAINTIFF HAD PRESENTED ANY COMPETENT, CREDIBLE EVIDENCE CONTRARY TO THE CORONER'S FINDINGS, AND WHETHER THEVARGO INSTRUCTION SHOULD APPLY."
 I {¶ 7} In her first assignment of error, appellant argues that the trial court erred in giving a jury instruction based upon the Ohio Supreme Court case of Vargo v. *Page 4 Travelers Ins. Co., Inc[1] and, that the trial court erred in allowing Dr. Cummin to testify, in his capacity as county coroner, on standard of care issues. We disagree.
 {¶ 8} R.C. 313.19 provides that the coroner's verdict shall be the legally accepted cause of death, and states as follows: "The cause of death and the manner and mode in which the death occurred, as delivered by the coroner and incorporated in the coroner's verdict and in the death certificate filed with the division of vital statistics, shall be the legally accepted manner and mode in which such death occurred, and the legally accepted cause of death, unless the Court of Common Pleas of the county in which the death occurred, after a hearing, directs the coroner to change his decision as to such cause and manner and mode of death."
 {¶ 9} The Ohio Supreme Court, in the case of Vargo, supra, held: "Further, it must be noted that while the coroner's factual findings are not conclusive, neither are they a nullity. The coroner is a medical expert rendering an expert opinion on a medical question. . . .Therefore, to rebut the coroner's determination, as expressed in the coroner's report and the death certificate, competent credible evidence must be presented." Id. at 30.
 {¶ 10} In the case sub judice, the appellees introduced the opinion of Dr. David Cummin. Based upon Dr. Cummin's status as Hocking County Coroner, appellees sought an instruction based upon R.C. 313.19 and the Ohio Supreme Court case of Vargo, supra. Appellant argues that theVargo instruction should not have been given to the jury.
 {¶ 11} However, a transcript of the jury instructions as read to the jury by the trial court has not been furnished to this court. The record transmitted by the clerk of *Page 5 
courts contains a document entitled "jury instructions", but the document appears to be incomplete. The "Charge to the Jury" portion of the document consists of pages fifteen through twenty-two, has two paragraphs under "Duty of Patient" and does not include the allegedly erroneous charge. A copy of a document entitled "Charge to the Jury" is attached to appellees' brief, but it differs from the document included in the record transmitted by the clerk of courts. The document attached to appellee's brief consists of pages fifteen though twenty-seven, has one paragraph under "Duty of Patient" and includes the allegedly erroneous charge on pages twenty-two and twenty-three. In short, we have no way to determine what charge was read to the jury, and are thus unable to make a determination as to appellant's assignment of error concerning the Vargo instruction.
 {¶ 12} App. R. 9(B) provides: "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. . . ." The appellant bears the burden of showing error by reference to matters in the record. Further, the appellant bears the responsibility of providing a reviewing court with an appropriate transcript for appellate review. See, Knapp v. Edwards Laboratories (1981), 61 Ohio St.2d 197, 199,400 N.E.2d 384. If those portions of the transcript necessary for resolution of the assigned errors are omitted from the record, a reviewing court has nothing to pass on and has no choice but to presume the validity of the trial court's ruling. Id. *Page 6 
 {¶ 13} In addition, the Ohio Supreme Court has held that a jury instruction must be reviewed in its entirety. See, Sech v. Rogers
(1983), 6 Ohio St.3d 462, 464, 453 N.E.2d 705. Further, appellate courts have held that a "review of a trial court's jury instructions requires the entire charge to the jury as well as a complete trial transcript." See, Cline v. Electronic Data Systems Corp. (Sept. 18, 2000), Washington App. No. 99CA14, 2000 WL 1573087, at *2, citing Baker v. Cuyahoga Cty.Court of Common Pleas (1989), 61 Ohio App.3d 59, 572 N.E.2d 155, dismissed by (1989), 43 Ohio St.3d 702, 539 N.E.2d 164.
 {¶ 14} We find that the failure to provide this Court with a complete transcript of the jury instructions on the record is dispositive. We have an insufficient record upon which to pass on the assignment of error concerning the Vargo instruction, and must presume the regularity of the trial court proceedings in this regard. See, Knapp, supra. Thus, this portion of the appellant's first assignment of error is overruled.
 {¶ 15} Appellant also argues in her first assignment of error that the trial court erred in allowing Dr. Cummin to testify — as coroner — on standard of care issues. Assuming, arguendo, that we agree with the appellant, we can not determine from the portions of the record provided to us that such error was prejudicial.
 {¶ 16} R.C. 313.19 provides that the coroner shall determine the cause of death and the manner and mode in which the death occurred. The statute does not authorize the coroner to make a determination as to legal liability. "It is the duty of the coroner to determine the reasonable and true cause of death. He does not resolve other facts or the legal or the criminal responsibility of those involved." Everman v.Davis (1989), 54 Ohio App.3d 119, 121, 561 N.E.2d 547, dismissed by (1989), *Page 7 43 Ohio St.3d 702, 539 N.E.2d 163. See, also, State v. Beaver (1997),119 Ohio App.3d 385, 392, 695 N.E.2d 332, dismissed, appeal not allowed by (1997), 79 Ohio St.3d 1504, 684 N.E.2d 88 (coroner's verdict does not assign criminal responsibility for the decedent's death).
 {¶ 17} The determination regarding whether the standard of care was met in a medical malpractice cause of action is a question of fact for the finder of fact to decide. The trial court's decision to allow Dr. Cummin to testify, in his capacity as coroner, that Dr. Pruitt was not negligent and that Dr. Pruitt performed his examination and assessment of Mr. Frazier according to the relevant standards of care was arguably error.
 {¶ 18} It should be noted here that this Court was not provided with a complete transcript of the trial testimony. We were provided with only bits and pieces of that testimony. The transcript we received consisted of: a) In chambers conference and portion of defense counsel's opening statement (30 pgs.), b) cross-examination of Dr. Pruitt done in plaintiff's case (85 pgs.), c) portion of Dr. Vajen's testimony (26 pgs.), d) portion of Dr. Sperry's testimony (25 pgs.), e) portion of Dr. Breall's testimony (81 pgs.), f) portion of Dr. Cummin's testimony (166 pgs.) and g) discussion regarding Dr. Baker's deposition, snippets of closing argument, and discussion on jury instruction (39 pgs.). We do not know who else testified and we do not know what exhibits were accepted into evidence.
 {¶ 19} The admission or exclusion of evidence by the trial court will not be reversed unless there has been a clear and prejudicial abuse of discretion. O'Brien v. Angley (1980), 63 Ohio St.2d 159, 407 N.E.2d 490. Evid.R. 103 (A) states, "Error may *Page 8 
not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. . . ." We cannot determine by reading the portions of the transcript provided to us whether or not the testimony of Dr. Cummin affected a substantial right of appellant to her prejudice. Pursuant to App. R. 9(B) it is "appellant's responsibility to provide this Court with a transcript which is adequate to determine the error assigned for review." Bungo v. Nowacki, (August 29, 1996), Cuyahoga App. No. 70024, 1996 WL 492293 at p. 2 citingKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. In other words, it is impossible for us to conclude that a "causal connection" existed between the admission of Dr. Cummin's testimony and the jury returning a verdict for appellee absent a complete transcript of the proceedings. Jones v. Bartley, (Nov. 10, 1993), Summit App. No. 16216, 1993 WL 473824 at p. 2. Other evidence may have been presented regarding the fact that Dr. Pruitt followed the relevant standards of care. We can not make a determination of prejudicial error absent a complete transcript. See also Deluca v. Goldstein, (Mar. 13, 2000), Cuyahoga App. No. 76023, 2000 WL 284088, Fite v. UniversityHospital, Hamilton App. Nos. C-030225, C-030242, 2004-Ohio-1266.
 {¶ 20} Finally, appellant argues that the Vargo instruction, which was given to the jury by the trial court, served to elevate the status of Dr. Cummin's opinion above the opinions of the other medical expert witnesses whose opinions were not rebuttably presumed to be "the legally accepted cause of death." This alleged elevation in Dr. Cummin's status, combined with the fact that the trial court allowed Dr. Cummin to testify as to standard of care issues, was, according to the appellant, unfairly prejudicial. However, as we were unable to rule on the issue of the jury instruction regarding the *Page 9 
legal status of the corner's verdict, any alleged elevation in the status of Dr. Cummin's testimony is not properly before us. In other words, we can not determine if the jury was instructed that Dr. Cummin's opinion on cause of death was rebuttably presumed to be correct.
 {¶ 21} Accordingly, appellant's first assignment of error is overruled.
 II {¶ 22} In her second assignment of error, the appellant argues that the trial court erred in allowing the jury, rather than the trial judge, to decide whether appellant had presented any competent, credible evidence to rebut the coroner's determinations. Appellant argues that if the trial judge determines that there was competent, credible evidence to rebut the coroner's determinations, then no instruction should be given to the jury that the coroner's determination is the legally accepted cause of death and that the coroner's factual determinations create a non-binding rebuttable presumption. Based upon the absence of the transcript of the jury instruction at issue, we must again presume the regularity of the proceedings of the trial court. SeeKnapp, supra. *Page 10 
 {¶ 23} The appellant's assignments or error are overruled, and the decision of the trial court is affirmed.
 Edwards, J. Wise, P.J. and Boggins, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] (1987), 34 Ohio St.3d 27, 516 N.E.2d 226. *Page 1