DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment that denied a postconviction relief petition filed by Troy A. Doyle, defendant below and appellant herein. Appellant assigns the following error for review:
 "THE TRIAL COURT ABUSED ITS DISCRETION WAS UNREASONABLE EN [sic] DENING [sic] THE APPELLANTS [sic] MOTION FOR POST CONVICTION RELIEF CORRECT DEFENDANTS [sic] SENTENCE ON ONE TO TIME SERVED. WITH NO P.R.C."
 {¶ 2} We first pause to briefly recount appellant's case history. In 2003, appellant was convicted of receiving stolen property and failure to comply with the order *Page 2 
of a police officer. We affirmed that conviction. See State v.Doyle, Pickaway App. No. 04CA23, 2005-Ohio-4072 (Doyle I). In 2005, appellant filed a pro se application to reopen his appeal and cited various alleged instances of appellate counsel's ineffective assistance. After we reviewed his application and the record, we denied his application. See State v. Doyle (Jan. 13, 2006), Pickaway App. No. 04CA23 (entry on application to reopen appeal)(Doyle II).
 {¶ 3} Ten days before our Doyle II decision, appellant filed a fourteen (14) page pro se motion "for counsel" and for "delayed reconsideration." Although the "motion" was untimely under App.R. 26(A)(B), and despite the fact that Ohio law does not allow for successive and repetitive applications to reopen appeal, we agreed to reopen the case for the limited purpose of determining whether the trial court failed to comply with R.C. 2929.19(B)(3) when it did not inform him at sentencing that he would be subject to post-release control.State v. Doyle (Mar. 20, 2006), Pickaway App. No. 04CA23 (entry on application for delayed reconsideration/appointment of counsel)(Doyle III).
 {¶ 4} Once reopened, we agreed with appellant's argument that the trial court did not properly inform him about post-release control and, thus, vacated his sentences. See State v. Doyle, Pickaway App. No. 04CA23, 2006-Ohio-5211, at ¶¶ 9 12 (Doyle IV). At appellant's November 13, 2006 re-sentencing the trial court reimposed the same eighteen month consecutive sentences and warned appellant about post release control. Appellant then filed a pro se motion seeking postconviction relief and correction of the sentences imposed on him at his re-sentencing hearing. Appellant argued that by the time of his re-sentencing hearing, he had already served one eighteen month sentence and it violates his "double jeopardy" rights to impose two *Page 3 
additional eighteen month sentences. The trial court overruled appellant's motion. This appeal followed.
 {¶ 5} Appellant asserts in his assignment of error that the trial court erred by overruling his motion for postconviction relief and to correct the reimposed sentence. We disagree with appellant.
 {¶ 6} The arguments that appellant raised below and asserts on appeal apparently stem from a misunderstanding of the trial court's re-sentencing entry. Appellant did not receive two completely new sentences to serve. Instead, the trial court simply re-imposed the two sentences that it imposed in 2004. The time that appellant has served on the two original sentences is also counted towards the two re-imposed sentences.
 {¶ 7} Although not a part of the record, the State's brief points out that appellant has already served his sentences and is now confined to prison solely on a sentence imposed on him in Brown County (which was ordered to be served consecutively to the Pickaway County sentences). In short, appellant has not been sentenced twice for the same offenses and no "double jeopardy" violation has occurred. Thus, the trial court did not err by overruling his motion.
 {¶ 8} For these reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed. *Page 4 
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McFarland, P.J. Kline, J.: Concur in Judgment Opinion
 *Page 1