The **STATE** of Ohio, Appellee,

v.

**GREEN**, Appellant.

[Cite as *State v. Green,* 184 Ohio App.3d 406, 2009-Ohio-5199.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 08CA3233.

Decided Sept. 30, 2009.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Pat Apel, Assistant Prosecuting Attorney, for appellee.

Timothy Young, State Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.

McFARLAND, Judge.

{¶ 1} Appellant appeals from her convictions and sentences by the Scioto County Court of Common Pleas after a jury found her guilty of possession of drugs, a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(1)(a); possession of drugs, a felony of the second degree, in violation of R.C. 2925.11(A) and (C)(1)(d); trafficking in drugs, a felony of the second degree, in violation of

R.C. 2925.03(A)(2) and (C)(1)(d); conspiracy to traffic in drugs, a felony of the third degree, in violation of R.C. 2923.01 and 2925.03(A) and (C)(1)(d); tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1); and obstructing justice, a felony of the third degree, in violation of R.C. 2921.32(A)(1), (4) and (5) and (C)(4).

{¶ 2} On appeal, appellant asserts that (1) the trial court erred by permitting the state to introduce other-acts evidence, (2) the trial court erred by permitting the state to introduce irrelevant prejudicial evidence, (3) the trial court erred by adding punishment in the judgment entry that the trial court did not impose in open court, (4) the trial court erred by sentencing her for offenses that should have merged, and (5) she was denied the effective assistance of trial counsel. Because we conclude that the trial court abused its discretion in allowing the state to attempt to impeach a defense witness's testimony with appellant's own prior convictions for drug trafficking, we vacate appellant's convictions for drug trafficking and conspiracy to traffic in drugs and remand this matter for a new trial as to these charges. Accordingly, because we have vacated appellant's convictions for conspiracy to traffic in drugs and drug trafficking, appellant's second, fourth, and fifth assignments of error have been rendered moot. However, in light of the state's concession that the trial court erred in failing to advise appellant of her postrelease-control obligation and the trial court's failure to impose costs in open court and in appellant's presence, we remand this matter for resentencing with respect to appellant's remaining convictions.

## FACTS

{¶ 3} On August 23, 2007, appellant's rental vehicle was stopped on U.S. Highway 23 by Ohio State Highway Patrol Trooper Crabtree on what is referred to as "23 Day."[1] Appellant's vehicle was stopped for following too closely. Appellant was actually a passenger in the vehicle, and her friend, Carzell Palmer, was driving. Although appellant appeared to be impaired, Trooper Crabtree did not detect an odor of alcohol and therefore suspected drug involvement. As a result, he asked the driver, Palmer, to step out of the vehicle. Palmer was taken to the patrol car and patted down; however, Trooper Crabtree found nothing illegal. When appellant provided a different explanation as to their whereabouts that day than Palmer had provided, Trooper Crabtree suspected that appellant was lying and asked her to submit to a horizontal gaze nystagmus ("HGN") test.

{¶ 4} After conducting the HGN test and determining that appellant was not intoxicated, Trooper Crabtree called for a K–9 unit. At that time, Trooper

---

1. The record reveals that on "23 Day," law enforcement attempts to intercept narcotics traveling on U.S. 23.

Crabtree Mirandized appellant. Trooper McLaughlin subsequently arrived with a K–9 unit and ran a check around the vehicle. When the dog indicated on the bumper area of the car, Trooper Crabtree concluded that he had probable cause to search the vehicle. As a result, he asked appellant to step out of the vehicle for a patdown. During the patdown, Trooper Crabtree noticed that appellant's pants were unzipped and questioned appellant. Appellant responded that they were unzipped because they were too tight. Appellant was then placed in the patrol car while the trooper searched the vehicle. After searching the vehicle and finding nothing, Trooper Crabtree brought appellant's purse back to the patrol car to search it. At that time, appellant informed the trooper that she had methadone in her purse. Inside appellant's purse, Trooper Crabtree found a Tylenol bottle containing six and a half methadone pills. Appellant eventually also produced for the troopers a bottle containing 60 Oxycontin pills, which she pulled from her pants.

{¶ 5} Appellant was then taken to the Highway Patrol Post where she provided a written statement, essentially stating that the bottle of Oxycontin pills belonged to the driver of the car and were in the center console of the car when the car was stopped. Appellant further provided in her written statement that she put that bottle in her pants and put the bottle of methadone in her purse because she didn't want anyone to get into trouble. After providing a written statement, appellant was released.

{¶ 6} Appellant was subsequently indicted on January 28, 2008, and the matter proceeded to a jury trial on March 24, 2008. The state presented several witnesses, including Trooper McLaughlin and Trooper Crabtree. The state also presented Edward Yingling, an Ohio State Highway Patrol criminalist, and Troy Gahm, a pharmacist. In support of its case, the state entered several exhibits into evidence, including the written statement provided by appellant to the Highway Patrol, which was read to the jury, as well as a copy of the cruiser-cam video of the stop, which was played for the jury.

{¶ 7} Appellant chose not to testify in her defense and instead presented only one witness, her son, Carlos Richart. Richart testified that his mother had previous injuries requiring hospitalization and that she was addicted to pain medication. During cross-examination of Richart, the trial court allowed, over objection by the defense, the state to attempt to impeach Richart's testimony with appellant's prior convictions for drug trafficking.

{¶ 8} The jury ultimately found appellant guilty of possession of drugs, a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(1)(a); possession of drugs, a felony of the second degree, in violation of R.C. 2925.11(A) and (C)(1)(d); trafficking in drugs, a felony of the second degree, in violation of R.C. 2925.03(A)(2) and (C)(1)(d); conspiracy to traffic in drugs, a felony of the third

degree, in violation of R.C. 2923.01 and 2925.03(A) and (C)(1)(d); tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1); and obstructing justice, a felony of the third degree, in violation of R.C. 2921.32(1), (A)(4) and (5) and (C)(4). At the sentencing hearing, appellant was sentenced to various terms of imprisonment on each charge; however, the court ordered all terms to run concurrently, for a total of eight years. In the subsequent sentencing entry that was issued by the trial court, the court also included in the sentence a mandatory term of postrelease control and imposed costs of prosecution, neither of which was imposed in open court during the sentencing hearing. It is from this conviction and sentence that appellant now brings her timely appeal, assigning the following errors for our review.

## ASSIGNMENTS OF ERROR

I. The trial court erred by permitting the state to introduce other acts evidence.

II. The trial court erred by permitting the state to introduce irrelevant prejudicial evidence.

III. The trial court erred by adding punishment in the judgment entry that the trial court did not impose in open court.

IV. The trial court erred by sentencing Mrs. Green for offenses that should have merged.

V. Appellant was denied the effective assistance of counsel.

## ASSIGNMENT OF ERROR I

{¶ 9} In her first assignment of error, appellant contends that the trial court erred by permitting the state to introduce other-acts evidence. Appellant raises the specific issue of whether evidence of prior drug-trafficking convictions of the accused may be introduced to impeach testimony by a defense witness that the accused suffered from pain that required medication. The state contends that the introduction of appellant's prior conviction was proper and necessary to rebut the defense witness's description of appellant as a drug addict, arguing that the "addict trait" was a character trait of appellant's. We disagree with the state's characterization of the defense witness's testimony.

{¶ 10} A review of the record indicates that appellant presented only one witness, her son, Jason Richart. Richart's direct examination was very brief and included testimony that his mother, appellant, had previous health problems requiring hospitalization for three months. Richart further testified that appellant was addicted to pain medication, but that she didn't want to be addicted to pain medication and had been trying to wean herself off it. He also testified that

he had been going to narcotics anonymous meetings with her. At that point, Richart's direct examination was concluded.

{¶ 11} The state's first question for Richart on cross-examination was "Mr. Richart, how long has your mother been addicted to drugs?" Richart's response was that he wasn't sure, but that she had been on pain medication for "quite some time." The state then requested a bench conference, at which point it informed the court that the next question it intended to ask was "How long has she trafficked in drug (sic)[,]" arguing that appellant had raised the issue by bringing up her addiction. The state then clarified that it intended to phrase the question as "Has your mother been convicted of trafficking in drugs?" The court hesitated, but suggested that it would allow the state to ask Richart whether his mother trafficked in drugs. Further legal argument took place during the bench conference, with the state arguing that Richart had been brought in as a character witness. In response, appellant's counsel stated, "I haven't asked any questions about character. I've asked about knowledge of physical problems and whether or not she has an addiction. That's all."

{¶ 12} The state then proceeded to question Richart, in the presence of the jury, as to whether he was aware of his mother ever engaging in drug trafficking. After Richart initially denied any such knowledge, another bench conference was held, during which the trial court warned Richart that he had "better quit lying" and that "this is perjury." The trial court then permitted the state to further question Richart as to his mother's whereabouts during certain time periods, insisting on specific information. When Richart finally testified that appellant was residing at PV Valley, appellant's trial counsel again objected. The trial court overruled the objection and allowed the state to question Richart as to what type of facility PV Valley was, in response to which he answered that it was a penitentiary. Appellant's counsel again objected, asking that the objection be made part of the record. The state finally questioned Richart as to why his mother was in the penitentiary, in response to which he answered "drug trafficking." Appellant's counsel again objected, and the trial court overruled the objection.

{¶ 13} As noted by the Eighth District Court of Appeals:

It is well-settled that by presenting evidence of a defendant's good character, a defense attorney "opens the door" to cross-examination of such character witnesses regarding relevant specific instances of appellant's past conduct. Evid.R. 405(A). *State v. Collins* (1994), 97 Ohio App.3d 438, 646 N.E.2d 1142; *State v. Hart* (1991), 72 Ohio App.3d 92, 97–100, 593 N.E.2d 463. Such instances can include appellant's prior criminal convictions. *State v. Bailey* (Apr. 9, 1987), Cuyahoga App. No. 51968[, 1987 WL 9620]; *State v. Hester*,

Franklin App. No. 02AP–401, 2002-Ohio-6966[, 2002 WL 31819725]; *State v. Wright* (1988), 48 Ohio St.3d 5, 548 N.E.2d 923.

*State v. Ogletree,* Cuyahoga App. No. 84446, 2004-Ohio-6297, 2004 WL 2677699, ¶ 45. However, in this case, appellant presented a witness who simply provided fact testimony, not character testimony. As such, there was no trigger under Evid.R. 405(A) for the state to cross examine him regarding his knowledge of specific instances of appellant's conduct, let alone appellant's prior convictions for drug trafficking.

{¶ 14} We simply disagree with the state's characterization of Richart's testimony as character testimony and reject the state's idea that the "addict trait" is a recognized character trait. A trial court has broad discretion in the admission or exclusion of evidence, and so long as such discretion is exercised in line with the rules of procedure and evidence, its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice to defendant. *State v. Powell,* 177 Ohio App.3d 825, 2008-Ohio-4171, 896 N.E.2d 212, ¶ 33. Here, however, it appears that the trial court's exercise of its discretion was not in line with the rules of evidence. Therefore, we conclude that the trial court, in allowing the state to impeach appellant's defense witness with appellant's own prior convictions for drug trafficking, acted unreasonably and therefore abused its discretion.

{¶ 15} The state urges us to affirm the introduction of appellant's prior convictions on alternative grounds, arguing that they were properly admitted to rebut State's Exhibit 2[2] under Evid.R. 806, which provides in section (A) as follows:

When a hearsay statement, or a statement defined in Evid.R. 801(D)(2), (c), (d), or (e) has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence that would be admissible for those purposes if declarant had testified as a witness.

In support of this argument, the state relies on our prior reasoning in *State v. Dickess,* 174 Ohio App.3d 658, 2008-Ohio-39, 884 N.E.2d 92. In *Dickess,* at ¶ 38, we noted that "[e]ven when the accused chooses not to take the stand, thereby ostensibly avoiding the potential for the prosecution to introduce impeachment evidence, such as prior convictions, those prior convictions may still be introduced into evidence through Evid.R. 806."

{¶ 16} After careful consideration, we reject this argument by the state. The state introduced evidence of appellant's prior convictions in rebuttal to appellant's

---

2. State's Exhibit 2 consisted of a written statement by appellant provided to the State Highway Patrol, which was entered into evidence much earlier in the trial as part of the state's case-in-chief.

son's testimony, which the state argued consisted of character testimony. The trial transcript reveals that the state did not argue admission of the prior convictions in order to rebut its own earlier Exhibit 2. As such, we need not address whether the introduction of appellant's prior convictions was proper under Evid.R. 806 and Dickess.

## ASSIGNMENTS OF ERROR II, IV, AND V

{¶ 17} In light of our disposition of appellant's first assignment of error, which vacated appellant's convictions for drug trafficking and conspiracy to traffic in drugs, appellant's second, fourth, and fifth assignments of error have been rendered moot. Thus, we decline to address them.

## ASSIGNMENT OF ERROR III

{¶ 18} In her third assignment of error, appellant contends that the trial court erred by adding punishment in the judgment entry that the trial court did not impose in open court. Specifically, appellant asserts that the trial court included court costs and postrelease control in the judgment entry, but failed to impose the sanctions in open court. Appellant asserts that while there is some conflict among the districts with respect to the remedy for failing to impose costs, no conflict exists over the remedy for failing to impose postrelease control from the bench. Appellant argues that the appropriate remedy is vacation of appellant's sentence and remand for resentencing. The state concedes that the trial court erred in failing to impose postrelease control in open court during appellant's sentencing hearing; however, it does address appellant's argument regarding the trial court's failure to impose costs.

{¶ 19} A review of the record indicates that while the trial court imposed costs and postrelease control in its sentencing entry, it made no mention of either in open court during appellant's sentencing hearing. In *State v. Doyle*, we noted as follows with respect to the requirement of notifying offenders of postrelease control:

> The Ohio Supreme Court held that trial courts must notify offenders of postrelease control provisions at the sentencing hearing. See *State v. Jordan*, 104 Ohio St.3d 21[, 2004-Ohio-6085, 817 N.E.2d 864], at paragraph one of the syllabus. If courts fail to do so, they are not in compliance with the statute and the sentence must be vacated and the matter remanded for re-sentencing. Id. at paragraph two of the syllabus.

Pickaway App. No. 04CA23, 2006-Ohio-5211, 2006 WL 2820819, ¶ 9. Because the trial court did not provide appellant with the required notice regarding postrelease control at the sentencing hearing, we sustain appellant's first assignment of

error with respect to this issue and remand this matter to the trial court for resentencing.

{¶ 20} Further, with respect to the trial court's failure to impose costs, we note appellant's recognition that a conflict among districts exists with regard to whether a trial court may impose court costs in its sentencing entry when it did not impose court costs when pronouncing sentence. The eighth, tenth, and 11th districts have vacated and remanded sentences based upon the trial court's failure to impose costs in the defendant's presence, relying on Crim.R. 43(A), which requires the defendant's presence at all stages of the criminal proceedings, including the imposition of sentence. See *State v. Smoot*, Franklin App. No. 05AP-104, 2005-Ohio-5326, 2005 WL 2462046, ¶ 12; *State v. Peacock*, Lake App. No. 2002-L-115, 2003-Ohio-6772, 2003 WL 22952755, ¶ 45; *State v. Tripplett*, Cuyahoga App. No. 87788, 2007-Ohio-75, 2007 WL 64690, ¶ 28–29; and *State v. Clark*, Ashtabula App. No. 2006-A-0004, 2007-Ohio-1780, 2007 WL 1113968, ¶ 35–36. However, the second and third districts have rejected the argument, instead reasoning that "a trial court is not required to orally address a defendant at the sentencing hearing to inform him that he is required by R.C. 2947.23 to pay for the costs of prosecution." *State v. Joseph*, Allen App. No. 1-07-50, 2008-Ohio-1138, 2008 WL 697377, ¶ 9, citing *State v. Ward*, Logan App. No. 8-04-27, 2004-Ohio-6959, 2004 WL 2940878, ¶ 16, and *State v. Powell*, Montgomery App. No. 20857, 2006-Ohio-263, 2006 WL 172347, ¶ 11.

{¶ 21} As such, the Supreme Court accepted a discretionary appeal in *Joseph*, with respect to proposition of law No. I, which states as follows:

A trial court lacks the authority to impose court costs in its sentencing entry, when it did not impose costs when pronouncing sentence in open court.

*State v. Joseph*, 118 Ohio St.3d 1505, 2008-Ohio-3369, 889 N.E.2d 1024. The matter currently remains pending before the Supreme Court at this time. Recognizing that there exists a split of authority on this particular question, we are persuaded by the holdings of the eighth, tenth, and 11th districts on this issue, and thus we conclude that a trial court's failure to impose costs in open court and in the presence of the defendant at the sentencing hearing is a violation of Crim.R. 43(A).

{¶ 22} Accordingly, we vacate appellant's sentences and remand this matter for resentencing in compliance with Crim.R. 43(A) with respect to appellant's remaining convictions.

Sentence vacated
and cause remanded.

KLINE, P.J., concurs as to assignment of error III and dissents as to assignments of error I, II, IV, and V.

ABELE, J., concurs as to assignment of error III and concurs in judgment only as to assignments of error I, II, IV, and V.

KLINE, Presiding Judge, dissenting.

{¶ 23} While I concur in judgment and opinion as to the third assignment of error, I respectfully dissent as to the first, second, fourth, and fifth assignments of error.

{¶ 24} The majority opinion states in ¶ 13 and 14, "[A]ppellant presented a witness who simply provided fact testimony, not character testimony. As such, there was no trigger under Evid.R. 405(A) for the state to cross examine him regarding his knowledge of specific instances of appellant's conduct, let alone appellant's prior convictions for drug trafficking.

{¶ 25} "We simply disagree with the state's characterization of Richart's testimony as character testimony and reject the state's idea that the 'addict trait' is a recognized character trait."

{¶ 26} I respectfully disagree with the above passages.

{¶ 27} "[A]ddiction is a recognized disease." *State v. Buckney* (Dec. 15, 2000), Champaign App. No. 2000–CA–9, 2000 WL 1838247, *3, citing *State v. Collier* (1988), 48 Ohio App.3d 99, 548 N.E.2d 312. See also *State v. Tomlin* (1992), 63 Ohio St.3d 724, 590 N.E.2d 1253. And nothing in the record indicates that Richart possessed any specialized knowledge on the subject of drug addiction. Therefore, I do not believe that Richart was competent to diagnose appellant as a drug addict. Rather, I believe that Richart could testify only that appellant displayed some of the character traits commonly associated with drug addiction; i.e., character evidence. Therefore, I believe that Richart's testimony was indeed character evidence and, as such, "triggered" Evid.R. 405(A).

{¶ 28} Accordingly, I respectfully dissent.