[Cite as *Universal Marble & Granite, L.L.C. v. Gerner*, 2014-Ohio-4349.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Universal Marble & Granite, LLC

Appellant

v.

Franz Gerner, et al.

Appellees

Court of Appeals No. WD-13-052

Trial Court No. CVF 1201143

**DECISION AND JUDGMENT**

Decided: September 30, 2014

* * * * *

V. Robert Candiello, for appellant.

Jon M. Ickes, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Perrysburg Municipal Court after a trial to the bench that found for appellees on appellant's complaint seeking money damages for work performed on appellees' home. For the reasons that follow, the judgment of the trial court is affirmed.

{¶ 2} In April 2012, the parties entered into a written contract pursuant to which appellant would provide and install a granite countertop and a sink in appellees' kitchen for a total cost of $6,128.17. This included application of a granite sealer with what appellant represented to be a 15-year guarantee for $499.00. Appellees made a down payment of $2,974.10. After appellant's agent, David Hernandez, installed the countertop and sink he noticed that the countertop was off-center when measured against the cabinet below and the kitchen window. Hernandez asserts that appellees approved the installation even though it was off-center. It is undisputed that the countertop was installed improperly. Appellees deny they were told of the problem and state they did not notice it until after Hernandez left their home. Within minutes of Hernandez leaving appellees' home, they called appellant and placed a stop payment on their final check to the business. When appellant did not return to cure the defect, appellees hired another contractor to fix the problem at a cost of $3,390.

{¶ 3} On August 3, 2012, appellant filed a complaint in Perrysburg Municipal Court, Small Claims Division, seeking judgment in the amount of $3,000 representing the amount due together with interest and cost of this action. Shortly thereafter, the matter was transferred to the court's regular docket. On August 22, 2012, appellees filed an answer and counterclaim demanding judgment against appellant for breach of contract for failing to complete the work in a workmanlike manner, damaging appellees in the amount of $3,390 and for statutory treble damages for consumer fraud.

2.

**{¶ 4}** Following a bench trial, the trial court found that the countertop had not been installed in a workmanlike manner and that appellant was not entitled to recover from appellees. Further, the court found that appellees were entitled to judgment for their counterclaim against appellant in the amount of $3,390 to fix the defect. Lastly, the trial court found that appellant's sale to appellees of a countertop sealer for $499 that retails for $48 was unconscionable under R.C. 1345.03(2), and awarded treble damages amounting to $1,497.

**{¶ 5}** Appellant sets forth three assignments of error:

Assignment of Error No. 1:

The Trial Court's finding that Appellant's installation of Appellees' Granite kitchen countertops was not performed in a workmanlike manner giving rise to an award of damages was contrary to law and against the manifest weight of the evidence.

Assignment of Error No. 2:

The Trial Court's award of Judgment in favor of the Appellees and against Appellant in the amount of $3,390.00 was an abuse of discretion and contrary to law.

Assignment of Error No. 3:

The Trial Court committed reversible error in finding Appellant committed unconscionable acts in violation of Section 1345.03(2) of the Ohio Revised Code thereby awarding treble damages, when such findings

3.

and award were based solely on lack of authentication and hearsay evidence.

{¶ 6} In support of its first assignment of error, appellant asserts that two witnesses testified the countertop was installed pursuant to standard procedure and that, when the deviation was noted, appellees were informed. Appellant argues that appellees knew the countertop was off-center but allowed appellant to proceed with the job.

{¶ 7} In reviewing a disputed judgment, this court must be guided by the principal that judgments supported by some competent, credible evidence must not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 279, 376 N.E.2d 578 (1978). Every reasonable presumption must be made in favor of the judgment. *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 8} The record reflects that appellees' witness Mitch Warnike, who has worked in the granite and countertop installation business for 28 years, testified that he went to appellees' home to look at the countertop. Warnike stated that the countertop was off-center and that the work was substandard. Audree Hernandez, appellant's office manager, testified that she received a call from one of the installers at appellees' home who reported to her that there was an issue with the countertop because the sink was not centered with the base cabinet. Hernandez then received a second call from the installers and was told appellees were willing to proceed with the installation. Appellee Anne Gerner testified she was never told there was a problem with the center line of the

4.

countertop. Gerner stated she and her husband were not told by the installers that the whole sink would be off-center, nor did the workmen say that the countertop should be replaced due to the flaw. She further testified that she approved the installation before the workmen left based on how the seams looked and that she did not look at the sink once it was installed. Gerner testified that ten minutes after the installers left, when she and her husband saw that the sink itself was off-center, she called the store. Gerner testified that the office worker with whom she spoke said she would talk to someone else about the issue. She further testified that her husband called the store nine times and spoke to someone only once. After her husband's initial conversation, no further calls were returned and no one from the store came to the house to look at the countertop. Franz Gerner testified that he watched as the countertop was installed and did not notice that the sink was off-center until ten minutes after the workers left his home.

{¶ 9} The issue before this court essentially appears to be one involving the credibility of the two parties, whose testimony did conflict in some respects. The determination of the disputed issues rests upon the credibility of the witnesses and is to be decided by the trier of fact who, in this instance, found appellees and their witness more credible. This court has reviewed the full record of the trial court, including the testimony at trial and the exhibits admitted into evidence. We will not second guess the trial court's decision, which relied heavily on its determination of witness credibility. Accordingly, we find that the trial court's judgment was supported by some competent,

5.

credible evidence and was not against the weight of the evidence. Appellant's first assignment of error is not well-taken.

{¶ 10} In support of its second assignment of error, appellant asserts that the award of damages in the amount of $3,390 was an abuse of discretion. As we noted above, the trial court found that appellant did not install the sink and countertop in a workmanlike manner. The evidence submitted at trial below supports this conclusion. The trial court's finding was based on direct testimony from Mitch Warnike, who stated that the cost of the repair was $3,390; appellees paid Warnike that amount. Warnike testified that he did not tear out the entire job but only replaced the area that was not installed properly.

{¶ 11} A reviewing court "will not disturb a decision of the trial court as to a determination of damages absent an abuse of discretion." *Roberts v. U.S. Fid. & Guar. Co.*, 75 Ohio St.3d 630, 634, 665 N.E.2d 664 (1996), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore, supra*.

{¶ 12} As set forth above, appellees testified as to the aspects of the work they believed to be unsatisfactory. Their testimony was supported by that of Mitch Warnike as to his observations of the work originally done by appellant, how he repaired the problem and the cost involved. Appellees admitted photographs of the alleged defects into evidence. Upon review of the testimony and other evidence, we must conclude that

6.

the trial court's judgment as to damages was not an abuse of discretion or contrary to law. Accordingly, appellant's second assignment of error is not well-taken.

{¶ 13} In support of their third assignment of error, appellant asserts that the trial court erred by finding that appellant committed unconscionable acts in violation of R.C. 1345.03(2) and thereby improperly awarded treble damages. Appellant asserts that the trial court allowed hearsay testimony from appellee's witness Warnike as to the cost of a granite sealer for which appellant charged appellees $499. Warnike testified he priced the same sealer on the internet at $48. Appellant objected that the testimony was hearsay because the witness obtained the information on the internet. In response, the trial court stated it was not hearsay and that it would attach whatever weight to the evidence it deemed proper.

{¶ 14} The admission or exclusion of evidence is a mater within the sound discretion of the trial court. *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). An appellate court will not reverse the trial court's decision to admit or exclude evidence absent "a clear showing of an abuse of discretion with attendant material prejudice." *State v. Ruppen*, 4th District Washington No. 11CA22, 2012-Ohio-4234, ¶ 11, quoting *State v. Green*, 184 Ohio App.3d 406, 412, 2009-Ohio-5199, 921 N.E.2d 276, ¶ 14 (4th Dist.).

{¶ 15} The trial court stated that its conscience was shocked by appellant's acknowledgment that, contrary to initial assertions that the $499 granite sealer would last 15 years, reapplication every three to five years is required. The trial court concluded

7.

that selling a countertop sealer that retails for $48 to appellees for $499 was an unconscionable consumer sales practice act under R.C. 1345.03(2). Based on our review of the record and the law as set forth above, we find that the trial court's decision allowing appellees' evidence as to the cost of the countertop sealer and awarding treble damages with regard to appellees' cost was not an abuse of discretion. Accordingly, appellant's third assignment of error is not well-taken.

{¶ 16} On consideration whereof, the judgment of the Perrysburg Municipal Court is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        _____
JUDGE
Thomas J. Osowik, J.       

Stephen A. Yarbrough, P.J.      _____
CONCUR.                         JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.