[Cite as *State v. Kempton*, 2016-Ohio-1183.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA3489 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| WILLIAM KEMPTON, | : | |
| Defendant-Appellant. | : | RELEASED 03/18/2016 |

<u>APPEARANCES</u>:

Timothy Young, Ohio Public Defender, Columbus, Ohio, and Chase R. Carter, Assistant Ohio Public Defender, Chillicothe, Ohio, for appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.

Hoover, J.

{¶1}  Defendant-appellant, William Kempton ("Kempton"), appeals his conviction and sentence for aggravated robbery entered by the Ross County Common Pleas Court following a jury trial. On appeal, Kempton contends that the trial court erred by permitting an unavailable witness's testimony from an earlier preliminary hearing to be read into the record over his objection at his jury trial. Because Kempton has not filed a transcript of the jury trial proceedings, we cannot adequately review his sole assignment of error and must presume the regularity of the proceedings. Accordingly, we affirm the trial court's judgment.

**I. Facts and Procedural History**

{¶2} On November 20, 2014, a criminal complaint was filed against Kempton charging him with robbery in violation of R.C. 2911.02, a felony of the second degree. Kempton was arraigned in the Chillicothe Municipal Court, and a preliminary hearing was conducted in the municipal court on December 1, 2014. The purported victim of the crime testified at the preliminary hearing. The municipal court found probable cause, and bound the case over to the Ross County Common Pleas Court. Thereafter, on December 19, 2014, Kempton was indicted on a single count of aggravated robbery in violation of R.C. 2911.01, a felony of the first degree.

{¶3} The case proceeded to a jury trial on March 25, 2015. According to the appellate briefs, the victim had passed away from natural causes prior to the commencement of trial. On the morning of trial, Kempton's trial counsel orally raised a motion in limine seeking to prevent the State from introducing the victim's testimony from the preliminary hearing. The trial court overruled the motion. At trial the State apparently presented the testimony of a witness, and a redacted version of the victim's preliminary hearing testimony was read to the jury over Kempton's objection. Following trial, the jury returned a guilty verdict on the indicted charge. The trial court sentenced Kempton to 10 years in prison.

{¶4} Kempton filed a timely notice of appeal. He also requested in the praecipe filed with his notice of appeal that a transcript of all proceedings, including the jury trial, be prepared and included as part of the record. However, in the notice of transmission of record filed by the Ross County Clerk of Courts, Kempton was notified that the record submitted to this Court did not include a transcript of proceedings. Furthermore, this Court issued a magistrate's order, filed on October 9, 2015, indicating that while both parties referred to the trial transcript in their appellate briefs, the record transmitted in the matter did not include a transcript of the proceedings. Thus, we ordered that if Kempton did not file a motion to supplement the record

with a copy of the transcript within 10 days, we would submit the matter for decision without the

transcript. Kempton never did file a motion to supplement the record with a copy of the

transcript.

## II. Assignment of Error

{¶5}    Kempton assigns the following error for our review:

The Trial Court erred by allowing the State of Ohio to read a preliminary hearing
transcript to be read [sic] into evidence as the victim was deceased.

## III. Law and Analysis

{¶6}    In his sole assignment of error, Kempton contends that the trial court improperly

admitted the victim's testimony from the preliminary hearing in violation of Evid.R. 804(B)(1)

and case law addressing the evidence rule.

{¶7}    The admission or exclusion of evidence generally rests within the trial court's

sound discretion. *State v. Green,* 184 Ohio App.3d 406, 2009-Ohio-5199, 921 N.E.2d 276, ¶ 14

(4th Dist.). Thus, absent a clear showing of an abuse of discretion with attendant material

prejudice to defendant, an appellate court will not disturb a trial court's ruling regarding the

admissibility of evidence. *Id.* An abuse of discretion implies that a court's attitude is

unreasonable, arbitrary, or unconscionable. *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d

144 (1980).

{¶8}    The failure to file a trial transcript or its equivalent is generally fatal to an appeal

based on the admission or exclusion of evidence. *See State v. Vascik*, 6th Dist. Lucas No. L-10-

1130, 2011-Ohio-975 (without transcript appellate court must presume trial court's ruling on

motion in limine was correct); *Bungo v. Nowacki*, 8th Dist. Cuyahoga No. 70024, 1996 WL

492293 (Aug. 29, 1996) (transcript necessary for meaningful review of the trial court's evidentiary rulings). Furthermore, without the trial transcript or acceptable alternative (*see* App.R. 9(C) and (D)), we cannot determine whether the disputed evidence affected a substantial right of Kempton to his prejudice. *See* Evid.R. 103(A) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected * * *."). "In other words, it is impossible for us to conclude that a 'causal connection' existed between the admission of [the disputed evidence] and the jury returning a verdict for appellee absent a complete transcript of the proceedings." *Frazier v. Pruitt*, 5th Dist. Fairfield No. 2005 CA 00099, 2007-Ohio-3256, ¶ 19, quoting *Jones v. Bartley*, 9th Dist. Summit No. 16216, 1993 WL 473824, *2 (Nov. 10, 1993). "We can not make a determination of prejudicial error absent a complete transcript." *Id.*

{¶9}     "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Moreover, "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Id.*

{¶10}   Here, Kempton did not ensure delivery of the trial transcript despite our warning him of the missing transcript and despite being given the opportunity to cure the record. Therefore, we have an insufficient record upon which to pass on the assigned error, and we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth in *Knapp*, supra.

## IV. Conclusion

{¶11}  Based on the foregoing, Kempton's sole assignment of error is overruled. The judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and McFarland, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      Marie Hoover, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**