DECISION AND JUDGMENT ENTRY
{¶ 1} Jeffrey Parker appeals the trial court's judgment convicting him of felonious assault. His appointed counsel advised this court that she has reviewed the record and can discern no meritorious claims for appeal. Accordingly, underAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, counsel has moved to withdraw. After independently reviewing the record, we agree with counsel's assessment that no meritorious claims exist upon which to predicate an appeal. Therefore, we grant counsel's request to withdraw, find this appeal is wholly frivolous under Anders, and affirm the trial court's judgment.
 {¶ 2} In January of 2002, appellant beat up his girlfriend, hitting her in the face numerous times. In May of 2003, the jury convicted appellant of felonious assault. The trial court subsequently sentenced appellant to a five-year prison term and appellant filed a timely notice of appeal. Appointed counsel later filed a motion to withdraw as counsel, notifying this court that she could discern no meritorious issues for appeal, and filed an Anders brief.
 {¶ 3} In Anders, the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. Id. Counsel also must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that the client chooses. Id. Once these requirements have been satisfied, the appellate court must then fully examine the proceedings below to determine if meritorious issues exist. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} Here, appellant's appointed counsel satisfied the requirements set forth in Anders, and appellant has not filed a pro se brief. Accordingly, we will examine appointed counsel's potential assignments of error and the entire record to determine if this appeal lacks merit. Appointed counsel raises the following potential assignments of error:
 {¶ 5} "First Assignment of Error — The trial court failed to comply with the Fourteenth and Sixth Amendment of the United States Constitution and provisions of Article 1, Section 10 of the Ohio Constitution when it failed to provide defendant-appellant with effective assistance of counsel.
 {¶ 6} "Second Assignment of Error — The trial court erred in instructing the jury on aggravated assault.
 {¶ 7} "Third Assignment of Error — The jury verdict of felonious assault is against the manifest weight of the evidence, which instead supports only a finding of aggravated assault.
 {¶ 8} "Fourth Assignment of Error — The jury verdict of felonious assault is not supported by sufficient evidence of serious physical harm.
 {¶ 9} "Fifth Assignment of Error — The trial court erred in sentencing defendant by failing to impose community control sanctions in lieu of a prison sentence and by exceeding the minimum prison term when imposing that sentence."
 I {¶ 10} In her first potential assignment of error, appointed counsel suggests that appellant might have received ineffective assistance of counsel. First, counsel notes that trial counsel did not request a separation of witnesses, but asserts that no prejudice resulted. Second, counsel claims that counsel could have performed deficiently by failing to object to the emergency room doctor's testimony, but again asserts that no prejudice resulted. Third, counsel submits that trial counsel's failure to request a simple assault jury instruction cannot be deemed deficient performance, but instead was a calculated defense strategy. Fourth, counsel states that trial counsel permitted appellant to testify, but again claims that counsel's decision constituted sound trial strategy, in that appellant's testimony was necessary to attempt to show the provocation element needed to support an aggravated assault instruction.
 {¶ 11} We have carefully reviewed all of the above potential arguments and have independently reviewed the record to determine whether other meritorious issues regarding ineffective assistance of counsel exists. We find that no meritorious issues exist.
 {¶ 12} Reversal of a conviction for ineffective assistance of counsel requires that the defendant show, first, that counsel's performance was deficient, and, second, that the deficient performance prejudiced the defense. State v. Smith (2000),89 Ohio St.3d 323, 327, 731 N.E.2d 645, citing Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136, 142,538 N.E.2d 373. Defense counsel's representation must fall below an objective standard of reasonableness to be deficient. Bradley.
Moreover, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the results of the trial would have been different. State v. White (1998),82 Ohio St.3d 16, 23, 693 N.E.2d 772. If one component of theStrickland test disposes of an ineffective assistance of counsel claim, it is not necessary to address both components.Strickland; Bradley.
 {¶ 13} In this case, we agree with appointed counsel that none of the alleged instances rises to the level of ineffective assistance of counsel so as to warrant a reversal. First, even assuming trial counsel performed deficiently by failing to request a separation of witnesses before any witness testified, we cannot see how appellant suffered any prejudice. Second, with respect to appointed counsel's claim that trial counsel could have performed deficiently by failing to object to the emergency room doctor's testimony, we again discern no prejudice. The doctor's testimony was cumulative. Third, we agree with appointed counsel that trial counsel's failure to request a simple assault jury instruction was a calculated defense strategy. Additionally, in light of the overwhelming evidence that the victim suffered serious physical harm, we find it highly unlikely that the jury would have convicted appellant of simple assault, and therefore, no prejudice resulted. Fourth, we agree with appointed counsel that appellant's decision to testify was a matter of sound trial strategy. Appellant stated that he wanted to testify to "clear some of this up." Furthermore, appellant's testimony was necessary to attempt to show the provocation element needed to support an aggravated assault instruction.
 {¶ 14} Therefore, this potential assignment of error lacks merit.
 II {¶ 15} In her second potential assignment of error, appointed counsel suggests that the trial court erred in the substance of the aggravated assault instruction by indicating that the appellant had the burden of proof to show provocation by a preponderance of the evidence. However, she concedes that the trial court's aggravated assault instruction conformed to Ohio law and that we previously upheld on almost identical instruction in State v. Harris (Nov. 13, 1998), Scioto App. No. 98CA2573, unreported. Our review of the record is consistent with appointed counsel's. We find nothing out of the ordinary in the court's charge. Therefore, this issue has no merit.
 III {¶ 16} In her third potential assignment of error, appointed counsel posits that the jury's verdict is against the manifest weight of the evidence. Appointed counsel suggests that the manifest weight of the evidence shows that appellant is guilty of aggravated, not felonious, assault. She concedes, however, that the evidence presented at trial did not show the level of provocation necessary to sustain an aggravated assault conviction. We have reviewed the record and agree with counsel's assessment.
 {¶ 17} When considering an appellant's claim that a conviction is against the manifest weight of the evidence, our role is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998),84 Ohio St.3d 180, 193, 702 N.E.2d 866. The reviewing court sits, essentially, as a "`thirteenth juror' and [may] disagree with the fact finder's resolution of the conflicting testimony."State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, quoting Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211, 72 L.Ed.2d 652. The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, keeping in mind that credibility generally is an issue for the trier of fact to resolve. State v.Thomas (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356; State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The reviewing court may reverse the conviction if it appears that the fact finder, in resolving evidentiary conflicts, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, 78 Ohio St.3d at 387,678 N.E.2d 541, quoting State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717. On the other hand, we will not reverse a conviction if the state presented substantial evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense had been established beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.
 {¶ 18} R.C. 2903.11 defines felonious assault, in relevant part, as follows:
 {¶ 19} "(A) No person shall knowingly * * * [c]ause serious physical harm to another * * *."
 {¶ 20} R.C. 2901.01(A)(5)(c) defines serious physical harm to another as "[a]ny physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity."
 {¶ 21} Aggravated assault is an offense of an inferior degree of felonious assault because its elements are identical to felonious assault except for the additional mitigating element of provocation. State v. Deem (1988), 40 Ohio St.3d 205, 210,533 N.E.2d 294. A conviction for aggravated assault requires evidence that the offender inflicted serious physical harm upon the victim "while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the [offender] into using deadly force * * *." R.C. 2903.12(A).
 {¶ 22} For the provocation to be serious, it "must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force." State v. Deem (1988),40 Ohio St.3d 205, 211, 533 N.E.2d 294.
 {¶ 23} Here, we do not believe that the jury clearly lost its way when it convicted appellant of felonious, as opposed to aggravated, assault. The victim testified as to the circumstances surrounding the physical beating and gave no indication that she provoked appellant or that appellant acted under a sudden passion or fit of rage. While appellant testified that he was upset with the victim because the victim threw a plate of spaghetti on him, this evidence is not sufficient evidence of serious provocation so as to sustain an aggravated assault conviction. Even assuming it is, the jury was free to disbelieve appellant's version of the physical altercation.
 {¶ 24} Thus, we find no merit to this argument.
 IV {¶ 25} In her fourth potential assignment of error, appointed counsel asserts that insufficient evidence may exist to show the serious physical harm element of felonious assault. However, she acknowledges that evidence exists that the victim's injuries were serious. The emergency room doctor stated that the victim's "injuries were the worst case of facial bruising she'd seen in her four years as emergency room doctor." We have reviewed the record and agree with counsel that this argument lacks merit.
 {¶ 26} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing Jacksonv. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 27} The state presented sufficient evidence that, if believed, established that the victim suffered serious physical harm. R.C. 2901.01(A)(5) defines serious physical harm to persons to include: "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity; (d) Any physical harm that involves some permanent disfigurement, or that involves some temporary, serious disfigurement; (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering, or that involves any degree of prolonged or intractable pain." The victim testified that she sought medical treatment for her injuries and that she missed seventeen days of work. The emergency room doctor stated that the victim's "injuries were the worst case of facial bruising she'd seen in her four years as emergency room doctor." The photographs introduced at trial depict a woman who had been severely beaten about the face.
 {¶ 28} Thus, this argument lacks merit.
 V {¶ 29} In her fifth potential assignment of error, appointed counsel suggests that the trial court erred by sentencing appellant to a non-minimum prison sentence and by not imposing community control. Counsel asserts, however, that appellant presented no evidence to overcome the presumption of imprisonment for second degree felonies and, in fact, argued for the minimum sentence. Counsel states that the court "more than complied with the sentencing guidelines." We agree with counsel.
 {¶ 30} We may not reverse a sentence unless we find by clear and convincing evidence that the sentence is not supported by the record or that it is contrary to law. R.C. 2953.08(G)(2); see, also, State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605. In this context we do not substitute our judgment for that of the trial court nor do we simply defer to its discretion.State v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806. Rather, we will look to the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support those findings; and (4) properly applied the statutory guidelines. See State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, citing Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.), Section 9.16.
 {¶ 31} A trial court imposing a felony sentence "must consider the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, at ¶ 11, citing R.C. 2929.11(A). Thus, the court "`shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" Id., quoting R.C.2929.11(A).
 {¶ 32} R.C. 2929.11(B) requires the court to impose a felony sentence that is "reasonably calculated to achieve the purposes of felony sentencing, `commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.'" Id., quoting R.C. 2929.11(B). To determine how to accomplish the purposes of felony sentencing, the court must consider the factors set forth in R.C. 2929.12(B) and (C). Id.
 {¶ 33} When choosing the type of sentence to impose, R.C.2929.14(B) requires the court to impose the shortest prison term authorized for the offense if (1) the offender previously has not served a prison term, and (2) the court does not find on the record that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others." "On the record" means that the trial court must make these findings at the sentencing hearing. Id. at ¶ 26.
 {¶ 34} Here, the trial court made the appropriate statutory findings at the sentencing hearing. The court cited the following factors regarding the seriousness of the offense: "[Appellant] did cause serious physical harm to the victim, and his relationship to the victim facilitated this offense." The court did not find any factors to indicate that the offense was less serious than the norm. The court referred to the following factors regarding appellant's likelihood to recidivate: (1) appellant has a criminal record dating back to 1986, including two different counts of hit-and-skip, several different counts of driving while under the influence, having weapons while intoxicated, probation violation, two different counts of driving under suspension, leaving the scene of an accident, resisting arrest, criminal damaging, endangering, assault, domestic violence, and several other traffic-related offenses; (2) since being indicted, appellant has been charged with violating a temporary protection order, resisting arrest, domestic violence, assault, and unlawful restraint, among other offenses; and (3) in regard to the current felonious assault offense, appellant has displayed a pattern of alcohol abuse that he has not acknowledged. Concerning the factors indicating that appellant is less likely to recidivate, the court noted that he does not have a juvenile record.
 {¶ 35} The court further determined that the minimum sentence would not adequately protect the public or punish appellant. The court explained: "The Court finds, first, that this sentence is required to protect the public. The Court notes, and specifically reiterates here, its findings in regards to this offender's prior extremely lengthy and at times, violent, criminal record; also notes that, in this assault, he caused serious physical harm to another.
It's also required to punish this offender. The Court notes again, that with his hands, he caused serious physical harm to another person, with whom he was in a relationship." The court thus sentenced appellant to five years in prison.
 {¶ 36} We find no merit to the argument that the trial court improperly sentenced appellant. The trial court followed the proper statutory procedures and entered appropriate findings. Substantial evidence support those findings.
 {¶ 37} Accordingly, having reviewed appointed counsel's potential assignments of error and having independently discovered no meritorious issues for appeal, we grant counsel's motion to withdraw, find this appeal wholly frivolous, and affirm the trial court's judgment.
Judgment affirmed.
Kline, P.J., and Abele, J., concur.
 JUDGMENT ENTRY
It is ordered that the Judgment be affirmed and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, It is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.