[Cite as *State v. Ruppen*, 2012-Ohio-4234.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA22 |
| | : | |
| vs. | : | **Released: August 28, 2012** |
| | : | |
| MELINDA A. RUPPEN, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Mark W. Evans, The Law Office of Mark W. Evans, Ltd., Cincinnati, Ohio, for Appellant.

James E. Schneider, Washington County Prosecuting Attorney, and Raymond E. Dugger, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.
_____

McFarland, J.:

{¶1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence, which resulted from a jury verdict finding Appellant, Melinda Ruppen, guilty of possession of drugs, a fifth degree felony in violation of R.C. 2925.11(A) & (C)(4)(a). On appeal, Appellant contends that 1) the trial court committed reversible error when it admitted irrelevant and highly prejudicial testimonial and videotape evidence of other acts, crimes or wrongs in violation of the Ohio Rules of

Evidence; 2) Appellant's conviction for possession of drugs is against the manifest weight of the evidence as the greater weight of the evidence indicates that Ms. Ruppen did not knowingly possess trace amounts of cocaine residue; and 3) Appellant was denied her rights under the United States and Ohio Constitutions to the effective assistance of counsel when her trial counsel failed to timely file a motion to suppress, failed to object with sufficient specificity to inadmissible evidence, and failed to timely object to inadmissible testimony.

{¶2} With respect to Appellant's first assignment of error, we find no abuse of discretion or plain error in the admission of evidence of Appellant's false statements regarding her identity, or the admission of evidence indicating her possession of other drugs and paraphernalia, in addition to those related to the crime charged. Further, we find that any error by the trial court related to the admission of statements made by Appellant indicating she had prior incarcerations was harmless error. As such, Appellant's first assignment of error is overruled.

{¶3} With respect to Appellant's second assignment of error, because the evidence presented at trial would permit a rational trier of fact to find beyond a reasonable doubt that Appellant knowingly possessed the cocaine found in the vehicle, we cannot conclude that Appellant's conviction was

against the manifest weight of the evidence. As such, Appellant's second assignment of error is overruled. With respect to Appellant's third assignment of error, because Appellant has failed to demonstrate that the outcome of the trial would have been different but for the alleged errors or deficiencies of trial counsel, she has suffered no prejudice. Thus, we cannot conclude that she received ineffective assistance of counsel and we therefore overrule Appellant's third and final assignment of error.

{¶4} Having found no merit to any of Appellant's assignments of error, the decision of the trial court is affirmed.

## FACTS

{¶5} On December 16, 2010, Appellant, Melinda Ruppen, was indicted for possession of drugs (cocaine), a fifth degree felony in violation of R.C. 2925.11(A) & (C)(4)(a), stemming from a traffic stop in Washington County. The State agrees with the facts, as set forth in Appellant's brief, which are essentially as follows:

{¶6} On July 31, 2010, Trooper Lehman stopped Appellant's vehicle for a safety restraint violation[1] as it was traveling southbound on I-77 in Washington County. Trooper Lehman asked Appellant for identification and she responded that she did not have any, but then provided the trooper

---

[1] We note that a review of the dashcam video indicates Appellant was initially stopped for an equipment violation, specifically, failure to display a front license plate.

with the name of Kristen Ruppen, and birth date in the year 1983.

Appellant's male passenger also provided the trooper his name and birth

date.

{¶7} Trooper Lehman claimed Appellant was nervous, and that when

he went back to his patrol vehicle to look up the information provided to

him, he discovered Kristin Ruppen had a birth date of 1982. As a result, he

asked Appellant to come back to his vehicle and he placed her in the

backseat. When asked about her birth date again, Appellant stated it was

1982. Trooper Lehman then requested the assistance of a K-9 officer. After

obtaining a photo of Kristen Ruppen, Trooper Lehman confronted

Appellant, who then admitted that she lied about her identity, claiming to

have an outstanding seat belt ticket.

{¶8} After the K-9 officer, Trooper Hickey, arrived at the scene, the

troopers removed the male passenger from the vehicle, placed him in the

backseat of the patrol vehicle with Appellant, and then the K-9 dog sniffed

the exterior of Appellant's vehicle. Trooper Hickey testified that the dog

indicated the presence of narcotics on the passenger and driver side of the

vehicle. Trooper Lehman then began a search of the vehicle, which yielded

a bag of marijuana, muscle relaxers that were not a controlled substance, a

cigarette pack with some filters in it, and a small, purple plastic container

that contained cocaine residue, all of which were located in Appellant's purse. Trooper Lehman testified that when he took the container to Appellant and asked her what it contained, she acknowledged it was hers and admitted that it contained "crumbs of coke." At trial, criminalist Heather Sheskey testified that she tested the residue recovered from the plastic container and that it tested positive for cocaine, which weighed less than 0.1 gram.

{¶9} After hearing the evidence and viewing the dashcam video of the entire stop and search,[2] the jury found Appellant guilty of possession of drugs, specifically, cocaine. Appellant was sentenced by journal entry dated August 5, 2011, and it is from this entry that Appellant now brings her timely appeal, assigning the following errors for our review.

## ASSIGNMENTS OF ERROR

"I.    THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ADMITTED IRRELEVANT AND HIGHLY PREJUDICIAL TESTIMONIAL AND VIDEOTAPE EVIDENCE OF OTHER ACTS, CRIMES, OR WRONGS IN VIOLATION OF THE OHIO RULES OF EVIDENCE.

---

[2] As will be discussed more fully infra under Appellant's first assignment of error, Appellant filed a motion in limine on the morning of trial, requesting the court to exclude evidence that Appellant was in possession of marijuana, paraphernalia, muscle relaxers, and lied to the officer about her identity, claiming that such information had little probative value, was outweighed by its prejudicial effect, and was not relevant to whether Appellant knowingly possessed cocaine. Appellant further moved to exclude the end of the video, due to Appellant's statements about a prior incarceration. The trial court denied the motion, but agreed to give a limiting instruction instructing the jury only to consider those parts of the tape relevant to the possession charge.

II.    MS. RUPPEN'S CONVICTION FOR POSSESSION OF DRUGS IS
       AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS
       THE GREATER WEIGHT OF THE EVIDENCE INDICATES
       THAT MS. RUPPEN DID NOT KNOWINGLY POSSESS TRACE
       AMOUNTS OF COCAINE RESIDUE.

III.   MS. RUPPEN WAS DENIED HER RIGHTS UNDER THE UNITED
       STATES AND OHIO CONSTITUTIONS TO THE EFFECTIVE
       ASSISTANCE OF COUNSELWHEN HER TRIAL COUNSEL
       FAILED TO TIMELY FILE A MOTION TO SUPRESS, FAILED
       TO OBJECT WITH SUFFICIENT SPECIFICITY TO
       INADMISSIBLE EVIDENCE, AND FAILED TO TIMLY [SIC]
       OBJECT TO INADMISSIBLE TESTIMONY."

ASSIGNMENT OF ERROR I

{¶10} In her first assignment of error, Appellant contends that the trial

court committed reversible error when it admitted irrelevant and highly

prejudicial testimonial and videotape evidence of other acts, crimes, or

wrongs in violation of the Ohio Rules of Evidence.  Specifically, Appellant

contends that portions of the dashcam video shown to the jury, as well as

testimony by the arresting officer, contained highly prejudicial evidence that

was irrelevant to the charged crime, possession of drugs.

{¶11} The record reveals that this issue was the subject of a motion in

limine filed the morning of trial, which was denied by the trial court, partly

based upon reasons of judicial economy due to the untimeliness of the filing,

and also based upon the trial court's decision that the evidence at issue was

relevant and admissible.  The State's brief on appeal does not address the

merits of Appellant's assignment of error, other than to state that a ruling on a motion in limine is not appealable. "A motion *in limine* is a prospective order and makes no determination as to the ultimate admissibility of the evidence." *Rowan v. City of Tallmadge*, 9th Dist. No. 16876, 1995 WL 569114 (Sept. 27, 1995); citing *Krosky v. Ohio Edison Co.*, 20 Ohio App.3d 10, 14, 484 N.E.2d 704 (1984). " 'An order in limine, therefore is a preliminary ruling and is not a basis for error on appeal. This court's review, therefore, will not encompass an alleged violation of an *in limini* order, but the ultimate ruling made during trial when the matter presented itself for evidentiary ruling.' " *Rowan*; citing *Regec v. Johnson*, 9th Dist. No. CA15838, 1993 WL 89700 (Mar. 31, 1993).

{¶12} Thus, we turn our attention to whether the trial court properly admitted the evidence at issue during the trial of the matter, not whether it properly ruled on the motion in limine. "A trial court has broad discretion in the admission or exclusion of evidence, and so long as such discretion is exercised in line with the rules of procedure and evidence, its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice to defendant." *State v. Green*, 184 Ohio App.3d 406, 2009-Ohio-5199, 921 N.E.2d 276, ¶ 14; citing *State v. Powell*, 177 Ohio App.3d 825, 2008-Ohio-4171, 896 N.E.2d 212, ¶ 33. Abuse of

discretion is more than an error of law or judgment; rather, it implies that the

court's attitude is unreasonable, arbitrary or unconscionable. *State v.*

*Herring*, 94 Ohio St.3d 246, 255, 2002-Ohio-796, 762 N.E.2d 940; *State v.*

*Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). When an appellate

court applies this standard, it must not substitute its judgment for that of the

trial court. *State v. Jeffers*, 4th Dist. No. 08CA7, 2009-Ohio-1672, ¶ 12; *In*

*re Jane Doe I*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991); citing

*Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶13} Further, Evid. R. 403(A) provides that relevant evidence is not

admissible if its probative value is substantially outweighed by the danger of

unfair prejudice, of confusion of the issues, or of misleading the jury. "The

trial court has broad discretion in balancing the probative value against the

danger of unfair prejudice, and its determination will not be disturbed on

appeal absent a clear abuse of discretion." *State v. Reeves*, 2nd Dist. No.

16987, 1999 WL 129469,  * 7 (Mar. 12, 1999).

{¶14} Here, Appellant primarily challenges the admission of evidence

that 1) she lied to Trooper Lehman concerning her identity during the traffic

stop; 2) she admitted possession of unrelated drugs and drug paraphernalia;

and 3) she had twice been to jail before.  Appellant argues that this evidence

1) was not relevant; 2) was inadmissible under the general prohibition of

character evidence; and 3) that even if the evidence was relevant, the danger of its prejudicial effect on the jury substantially outweighed its probative value. Appellant further argues that the error in the admission of this evidence cannot be considered harmless error, citing the "lack of other substantial incriminating evidence," and references the argument raised under her second assignment of error, which contends her conviction was against the manifest weight of the evidence.

## EVIDENCE OF APPELLANT'S LIE TO TROOPER LEHMAN CONCERNING HER IDENTITY

{¶15} Appellant claims that evidence she lied to Trooper Lehman concerning her identity was not relevant to the commission of the crime for which she was convicted, and that even if relevant, it should not have been admitted because the danger of unfair prejudice outweighed its probative value. This evidence was admitted in two ways, 1) trooper testimony, which was not objected to during trial, and 2) the videotape evidence, which was objected to by counsel. Because Appellant's counsel failed to object to its admission at trial via the testimony of the trooper, we review the admission of this evidence under a plain error standard.

{¶16} Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the

attention of the court ." For a reviewing court to find plain error, the following three conditions must exist: 1) an error in the proceedings; 2) the error must be plain, i.e., the error must be an "obvious" defect in the trial proceedings; and 3) the error must have affected "substantial rights," i.e., the trial court's error must have affected the outcome of the trial. See, e.g., *State v. Noling*, 98 Ohio St.3d 44, 56, 2002-Ohio-7044, 781 N.E.2d 88; *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240; *State v. Sanders*, 92 Ohio St.3d 245, 257, 750 N.E.2d 90 (2001); *State v. Hill*, 92 Ohio St.3d 191, 200, 749 N.E.2d 274 (2001).

{¶17} Furthermore, the Supreme Court of Ohio has stated that Crim.R. 52(B) is to be invoked "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Landrum*, 53 Ohio St.3d 107, 111, 559 N.E.2d 710 (1990); see, also, *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus (1978). A reviewing court should consider noticing plain error only if the error " ' "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." ' " *Barnes*, 94 Ohio St.3d at 27, 759 N.E.2d 1240; quoting *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770 (1993); quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391 (1936).

{¶18} Initially, we note that we agree with the trial court's determination that the admission of this evidence was relevant, as it indicated to the jury that Appellant had something to hide, and it also established the basis for the drug dog to be called and for the investigation to continue. Thus, we reject Appellant's argument that this evidence was not relevant to the crime for which she was ultimately convicted.

{¶19} Further, in light of Appellant's identification of the recovered drugs as "crumbs of coke," coupled with her admission that they belonged to her, we believe that the evidence indicating she lied to the trooper, while likely prejudicial to Appellant, did not seriously affect the fairness of the judicial proceedings. *State v. Moon*, 4th Dist. No. 08CA875, 2009-Ohio-4830, ¶ 43. As we will discuss further under Appellant's second assignment of error, substantial evidence supports her conviction. As such, any error associated with the admission of this evidence did not affect the outcome of the proceedings and does not, therefore, rise to the level of plain error. Id.

EVIDENCE OF APPELLANT'S PRIOR INCARCERATION AND
OTHER CONTRABAND FOUND IN HER VEHICLE.

{¶20} Appellant contends that the admission of her statements caught on video regarding the fact that she had had prior incarcerations, as well as the admission of evidence that other drugs and paraphernalia were recovered

from her vehicle, constituted inadmissible character evidence.  She further contends that this evidence was not relevant, and that the only purpose of the evidence was "to demonstrate that [she] acted in conformity with the underlying charged crime."

{¶21} As Appellant objected to the admission of this evidence at trial, we revert to the abuse of discretion standard.  As we set forth above, while we are mindful that relevant evidence is only admissible under Evid.R. 403(A) if its probative value is not outweighed by the danger of unfair prejudice, "[t]he trial court has broad discretion in balancing the probative value against the danger of unfair prejudice, and its determination will not be disturbed on appeal absent a clear abuse of discretion." *State v. Reeves*, supra.

{¶22} We again reject Appellant's assertion that the evidence at issue is not relevant.  Evid.R. 404 provides in section (B) that while "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, *knowledge*, identity, or absence of mistake or accident." (Emphasis added).  The fact that Appellant, at the time of her traffic stop, was also in possession of other drugs and paraphernalia certainly is relevant

to whether she also knowingly possessed cocaine.  As such, we conclude that this evidence was admissible under Evid.R. 404(B), and that the trial court did not abuse its discretion in allowing it to be admitted.

{¶23} However, we agree with Appellant that admission of her statements regarding her prior incarcerations were not admissible.   We note, however, that upon reviewing the entire dashcam video, we were unable to discern any statements by Appellant indicating prior incarcerations.  The trial transcript indicates that these statements occurred 47 minutes into the video, but we were unable to hear anything on the audio indicating such a statement.  Further, although the trial court denied the motion in limine, during the playing of the video during the trial, the prosecution agreed to stop the tape after Appellant's confession.  Thus, the portion of the video after the confession which contains statements regarding prior incarcerations was not played for the jury.

{¶24} Nonetheless, even assuming that these statements were audible on the video, and that the jury heard them, as explained above, because Appellant's conviction was otherwise supported by substantial evidence, which included Appellant's own admission to owning the cocaine recovered from her vehicle, Appellant cannot show that she was materially prejudiced by the admission of this evidence.  Thus, even assuming that the trial court

erred and abused its discretion, particularly in the admission of the statements regarding Appellant's prior convictions, such admission was harmless error. Accordingly, Appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

{¶25} In her second assignment of error, Appellant contends that her conviction for possession of drugs is against the manifest weight of the evidence, arguing that the greater weight of the evidence indicates that she did not knowingly possess trace amounts of cocaine residue. The State counters by arguing that the drugs were found pursuant to a legal search conducted after a valid traffic stop, and that once the drugs were found, Appellant admitted they belonged to her.

{¶26} "When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider the credibility of witnesses. The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve." *State v. Puckett*, 191Ohio App.3d 747, 2010-Ohio-6597, 947 N.E.2d 730, ¶ 32; citing *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus

(1967). "If the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence." *State v. Puckett* at ¶ 33; citing *State v. Eley*, 56 Ohio St.2d 169, 383 N.E.2d 132, syllabus (1978), (superseded on other grounds). We will reverse a conviction only in the "exceptional" case where the evidence weighs heavily against the conviction and it appears that the fact-finder, when resolving conflicts in the evidence, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 54 (1997); quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶27} R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." The jury found Appellant guilty of the (C)(4)(a) subsection, which defines possession of "cocaine or a compound, mixture, or preparation, or substance containing cocaine" as a felony of the fifth degree. "Possession of a drug may be either actual physical possession or constructive possession." *State v. Pullen*, 2nd Dist. No. 24620, 2012-Ohio-1858, ¶ 36; citing *State v. Butler,* 42 Ohio St.3d 174, 538 N.E.2d 98 (1989). "A person has constructive possession of an item

when he is conscious of the presence of the object and able to exercise dominion and control over that item, even if it is not within his immediate physical possession." *Pullen* at ¶ 36; citing *State v. Hankerson,* 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982).

{¶28} "In determining whether a defendant knowingly possessed a controlled substance, it is necessary to examine the totality of the facts and circumstances surrounding its discovery." *Pullen* at ¶ 37; citing *State v. Teamer,* 82 Ohio St.3d 490, 492, 696 N.E.2d 1049 (1998); *State v. Pounds*, 2nd Dist. No. 21257, 2006-Ohio-3040. Here, Appellant does not challenge the validity of the traffic stop, or the subsequent search that was conducted. Rather, she limits her argument on appeal to the contention that she "did not knowingly possess cocaine at the time at which she had either actual or constructive possession of it." She premises her contention on an argument that because the amount of the cocaine was so small that it could not be weighed, that she could not have "knowingly" possessed it. Thus, Appellant essentially challenges the trial court's finding that she "knowingly" possessed cocaine, as required by R.C. 2925.11(A).

{¶29} In *State v. Teamer*, supra at 491, the Supreme Court of Ohio considered the certified issue of "whether the amount [of the controlled

substance] is a factor in determining the crime of drug abuse."[3]  The Court

ultimately held that "[t]he quantity of a controlled substance is not a factor in

determining whether a defendant may lawfully be convicted of drug abuse,

in violation of  R.C. 2925.11(A)"  Id. at syllabus.  In reaching this decision,

the Court reasoned that "the unambiguous language of R.C. 2925.11

punishes conduct for the possession of any amount of a controlled

substance."  Id. at 491.  The Court further found that "[a]s long as there is

scientifically accepted testimony from which a factfinder could conclude

beyond a reasonable doubt that a controlled substance was present, a

conviction for drug abuse pursuant to R.C. 2925.11(A) will not be reversed

based upon the amount of contraband involved."  Id. at 492.

{¶30} The relevant and probative evidence introduced by the State

included: 1) Appellant's inculpatory statements made on video, and to the

troopers  after the drugs were found, in which she identified the drugs as

cocaine and admitted they belonged to her; and 2) the testimony of the

trooper who found the cocaine in Appellant's purse, which was located in

the vehicle from which Appellant was removed; and 3) the testimony of the

criminologist, who confirmed that the substance at issue was cocaine.

---

[3] Although *Teamer* focused on "drug abuse" rather than "possession of drugs," we find the reasoning and holding to be applicable to "possession of drugs," which is at issue sub judice.

{¶31} After reviewing the record before us, we cannot conclude that this is one of the exceptional cases where the evidence weighs heavily against the jury verdict. When viewed in light most favorable to the prosecution, and in light of the reasoning of *Teamer*, this combination of direct and circumstantial evidence clearly permits a rational trier of fact to find beyond a reasonable doubt that Appellant knowingly possessed the cocaine found in the vehicle. Further, we simply reject Appellant's assertion that because she denied having possession of any illegal substances throughout the duration of the search, and only admitted to owning them after they were found, that she did not "knowingly" possess cocaine. Accordingly, Appellant's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

{¶32} In her third assignment of error, Appellant contends that she was denied her right to the effective assistance of counsel when her trial counsel failed to timely file a motion to suppress, failed to object with sufficient specificity to inadmissible evidence, and failed to timely object to inadmissible testimony. The State responds by arguing that there is nothing to indicate that a successful motion to suppress would have changed the outcome of the jury's guilty finding, and that the properly admitted

testimony of the trooper and criminologist alone was more than sufficient for the jury to have found Appellant guilty beyond a reasonable doubt.

{¶33} In order to prove a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient, i.e., not reasonably competent, and that counsel's deficiencies prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus (1989). When considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

{¶34} To establish prejudice, a defendant must demonstrate that a reasonable probability exists that but for counsel's errors, the result of the trial would have been different. *State v. White*, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus (1989). Furthermore, courts should not simply assume the existence of prejudice, but require that it be affirmatively shown. See *State v. Hairston*, 4th Dist. No. 06CA3089, 2007-Ohio-3707, ¶

16; citing *State v. Clark*, 4th Dist. No. 02CA684, 2003-Ohio-1707, ¶ 22; *State v. Tucker*, 4th Dist. No. 01CA2592, 2002 Ohio-1597; *State v. Kuntz*, 4th Dist. No. 1691, 1992 WL 42774 (Feb. 26, 1992). If one prong of the *Strickland* test disposes of a claim of ineffective assistance of counsel, we need not address both aspects. *State v. Martin*, 4th Dist. No. 06CA3110, 2007-Ohio-4258, ¶ 21.

{¶35} As we stated earlier, the admission or exclusion of evidence rests within the sound discretion of the trial court. As such, absent an abuse of discretion, we will not disturb a trial court's ruling regarding the admissibility of evidence. Having overruled Appellant's challenges raised herein, we cannot conclude that trial counsel's failure to object to the complained of portions of the trooper testimony and video tape changed the outcome of the trial. Further, considering that Appellant identified the drugs found and admitted to ownership of them, we cannot conclude that a successful motion to suppress on other grounds would have changed the outcome of the trial. Thus, Appellant cannot establish prejudice. *State v. Dickess*, 174 Ohio App.3d 658, 2008-Ohio-39, 884 N.E.2d 92, ¶ 73; See also *State v. Parker*, 4th Dist. No. 03CA43, 2004-Ohio-1739, 2004 WL 728249, ¶ 13 (concluding that in light of overwhelming evidence of guilt, defendant could not establish prejudice resulting from counsel's alleged

ineffectiveness); *State v. Hester*, 10th Dist. No. 02AP-401, 2002-Ohio-6966,

¶ 16 (finding that overwhelming evidence of guilt prevented defendant from

proving that result would have been different).

{¶36} As such, even assuming arguendo that trial counsel's

representation constituted deficient performance, because we find no

prejudice occurred as a result, we cannot conclude that Appellant received

ineffective assistance of counsel.  Accordingly, Appellant's third and final

assignment of error is overruled.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**